# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Russell C. Berry and Patricia D. Berry,**
**Plaintiffs Below, Petitioners**

**vs)  No. 13-1324** (Hampshire County 13-C-31)

**Mountain Air Property Owners Association, Inc.,**
**Intervening Defendant Below, Respondent**

**FILED**

October 17, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioners Russell C. Berry and Patricia D. Berry, by counsel Joseph L. Caltrider, appeal the November 14, 2013, order of the Hampshire County Circuit Court granting summary judgment to Respondent Mountain Air Property Owners Association, Inc., and concluding that certain restrictive covenants of the Association prohibit construction or installation of a storage shed prior to the construction of a residence on petitioners' property. Respondent, by counsel Christopher P. Stroech and Gregory A. Bailey, filed a response and raised a cross-assignment of error as a result of the circuit court's March, 11, 2014, order denying its request for its attorney's fees and costs. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts and Procedural History

This case centers on competing interpretations of a section within the restrictive covenants of Mountain Air Subdivision[1] addressing construction of non-dwelling improvements, such as storage buildings. Petitioners own Lot #40, consisting of approximately 20 acres, within the Mountain Air Subdivision in Hampshire County. They generally visit their property on weekends for recreational purposes. They have not built a house on their property. Respondent is the entity responsible for enforcing the restrictive covenants in the subdivision.

---

[1] Petitioners note that the Mountain Air Subdivision is not a typical residential subdivision. It is made up of large-acreage, mountainous lots (i.e., 20-30 acres) that are used as private campgrounds and for recreational purposes. Petitioners further note that many lot owners do not build houses on their lots.

1

At issue in this case is Section (c) of Article VIII of the Mountain Air Subdivision Declaration of Reservations and Restrictive Covenants. Article VIII, entitled "Residential and Area Use," states as follows:

## ARTICLE VIII
## RESIDENTIAL AND AREA USE

All Lots shall be used for residential and recreational purposes only. With the exception of structures existing as of the date hereof, no residence shall be erected, constructed, maintained, used or permitted to remain on any Lot other than one (1) single-family dwelling containing not less than 700 square feet minimum total area, exclusive of porch, basement and garage or outbuilding.

(a)     All exterior construction must be completed and closed within one (1) years of the commencement dates of excavation. All dwellings shall have an enclosed permanent foundation.

(b)     There shall be no single-wide or double-wide mobile homes (as they are defined in West Virginia Code 37-15-2), house trailers, or buses situate on any Lot as a residence or for the storage of materials therein, either temporarily or permanently.

(c)     Improvements and construction for the maintenance of animals shall be kept in good repair, shall be constructed of new materials and must conform generally in appearance with any dwelling upon any Lot, although such improvements need not be constructed of materials identical to an existing dwelling. *No such improvements shall precede the construction of the dwelling.* Each Lot owner shall maintain such improvements placed upon a Lot and no unsightly or dilapidated buildings or other structures shall be permitted on any Lot.

(Emphasis added).

Petitioners expressed their desire to build a storage building on their lot in order to store a tractor, some tools, and other property maintenance equipment. This equipment had been previously kept on the lot for years and was subject to weather, theft, and vandalism. Petitioners did not intend for the storage building to house or maintain animals. Prior to construction of the storage building, five lot owners, who were also members of respondent's board of directors, objected and stated their belief that Article VIII, Section (c) of the restrictive covenants prohibited the construction of a storage building because petitioners had not first constructed a dwelling on their lot.

In March of 2013, petitioners filed a Complaint for Declaratory Judgment to resolve the dispute over the interpretation of the restrictive covenants and served each Mountain Air Subdivision lot owner. Respondent then moved to intervene and sought a ruling from the circuit court that the restrictive covenants prohibited the construction of a storage building prior to

construction of a dwelling. The parties agreed that there were no genuine issues of material fact and filed their respective motions for summary judgment. Following a hearing, the circuit court granted summary judgment to respondent by order entered November 14, 2013. Specifically, the circuit court determined that Article VIII, Section (c) addressed both improvements *and* construction for the maintenance of animals, stating that

> [t]hese terms are independent of each other. Improvements include garages, storage sheds, outbuildings, etc. Construction for the maintenance of animals includes fences, pens, etc. Both improvements ***and*** construction for the maintenance of animals must be: 1) kept in good repair, 2) be constructed of new materials, 3) conform generally to the appearance with the dwelling, 4) not precede the construction of the dwelling and 5) are not to be maintained in an unsightly manner.

(Emphasis in original). The circuit court stated that "[t]here is no ambiguity as this provision confirms that such improvements *or* construction for the maintenance of animals must be erected after a dwelling is constructed, as it specifically references an *existing dwelling*." (Emphasis in original). Petitioners appeal to this Court, challenging the circuit court's November 14, 2013, order granting summary judgment to respondent.

On February 27, 2014, the parties appeared before the circuit court for a hearing on respondent's motion for attorney's fees and costs. In support of its motion, respondent pointed to Article XIX of the restrictive covenants, which permits respondent to recoup its fees and costs when it enforces the restrictive covenants and proves a violation of the same. The circuit court rejected that argument because respondent failed to establish that petitioners violated the restrictive covenants. The circuit court ruled that petitioners filed their declaratory judgment action to avoid a violation of the covenants and to resolve the dispute before actually constructing the storage building. The circuit court denied respondent's motion on the basis that there is no fee-shifting statute applicable to this case that would alter the "American Rule," under which each party bears his own attorney's fees and costs. *See* Syl. Pt. 2, *Sally-Mike Properties v. Yokum,* 179 W.Va. 48, 365 S.E.2d 246 (1986).

## Discussion

We review a circuit court's decision to grant summary judgment under a *de novo* standard. *See* Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Summary judgment is mandated when the record demonstrates no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.,* 196 W.Va. 692, 474 S.E.2d 872 (1996). In the present case, the parties agree that there are no genuine issues of material fact regarding the restrictive covenants. The issue is whether the circuit court erred in its interpretation thereof, which is purely a question of law.

On appeal, petitioners argue that the circuit court erred by adding its own language to the restrictive covenants and drawing inferences from separate, unrelated sections, instead of applying basic rules of English grammar and syntax to the plain, unambiguous language as

3

required by West Virginia law. Specifically, petitioners state that the question is whether the phrase "for the maintenance of animals" modifies the term "improvements" *and* the term "construction," or *only* the term "construction." Petitioners argue that "[i]mprovements and construction" is a compound subject, followed by a prepositional phrase, "for the maintenance of animals." Petitioners argue that a prepositional phrase that follows a compound subject modifies both parts of the compound subject, therefore, the circuit court erred by separating the compound subject and broadening the meaning of "improvements." Petitioners contend that summary judgment should have been granted in their favor.

A restrictive covenant in a deed, like any provision in a contract, should be given its plain and ordinary meaning. "A valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation, but will be applied and enforced according to such intent." Syl. Pt. 1, *Cotiga Development Co. v. United Fuel Gas Co.,* 147 W.Va. 484, 128 S.E.2d 626 (1962).

Upon our review, we conclude that the circuit court did not err in ruling that Article VIII, Section (c) of the restrictive covenants prohibits petitioners from building a storage building prior to constructing a dwelling on their property. This provision requires that improvements and construction for the maintenance of animals shall be kept in good repair, must conform generally in appearance with the dwelling, and must not precede construction of the dwelling. It addresses *both* improvements *and* construction for the maintenance of animals. As the circuit court ruled, under the plain and unambiguous language of the provision, these two terms are independent of one another. Furthermore, we agree with the circuit court that there is no ambiguity as the provision confirms that such improvements or construction for maintenance of animals must be erected after a dwelling is constructed, as it specifically references an "existing dwelling." Therefore, summary judgment for respondent was proper.

We turn now to respondent's cross-assignment of error in which respondent alleges that the circuit court erred in denying its request for attorney's fees and costs totaling $10,149.95. Decisions regarding the award of attorney's fees are not disturbed on appeal except for an abuse of discretion. *See Corp. of Harper's Ferry v. Taylor,* 227 W.Va. 501, 711 S.E.2d 571 (2011). Respondent argues that it is entitled to attorney's fees pursuant to Article XIX of the restrictive covenants, which provides as follows:

> Violations – In the event of violations or the Association's enforcement of any of the covenants and restrictions applying to the Existing Property, the costs and expenses shall be paid by the violator as part of any judgment or remedy obtained.

Applying the plain language of Article XIX, we find no error in the denial of respondent's request for attorney's fees and costs. It is undisputed that petitioners did not violate the restrictive covenants; they filed their Complaint for Declaratory Judgment to resolve this dispute before they constructed a storage building. Accordingly, respondent is not entitled to recoup its attorney's fees and costs from petitioners.

4

For the foregoing reasons, we affirm both the November 14, 2013, order of the circuit granting summary judgment to respondents and the March 11, 2014, order denying respondent's request for attorney's fees and costs.

Affirmed.

**ISSUED:** October 17, 2014

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis
Justice Margaret L. Workman