296 S.E.2d 542

**Marie CUMMINGS**

v.

**George CUMMINGS.**

No. 14673.

Supreme Court of Appeals of West Virginia.

June 23, 1982.

Larry L. Skeen, Ripley, for appellant.
Wilbur D. Webb, Spencer, for appellee.

PER CURIAM:

In this appeal from a final order of the Circuit Court of Roane County, the appellant, Marie Cummings, challenges that part of a divorce decree (1) limiting her recovery of attorney fees to $150.00, (2) finding that the farm equipment and cattle were the sole property of the appellee, George Cummings, and (3) ruling that the appellee is entitled to all the proceeds from the sale of cattle by both parties.

The appellant and the appellee were formerly husband and wife. The appellant instituted divorce proceedings against the appellee on June 16, 1977, praying for an equitable division of jointly owned personal property, $200.00 a month alimony, and attorney fees in the amount of $500.00. The appellee counterclaimed for a divorce and sought the same relief.

The circuit court referred the matter to a special commissioner pursuant to *W. Va. Code*, 48–2–25 [1969]. Evidentiary hearings were conducted before the commissioner on March 16, 1978; August 19, 1978; and December 19, 1978. The circuit court granted the appellant a divorce on November 27, 1978. On April 13, 1979, the commissioner submitted his findings and recommendations to the court concerning ownership of the personal property. He found that the farm equipment and cattle were the sole property of the appellee and that the appellant had sold some of the cattle without the appellee's consent and kept the proceeds. The commissioner, therefore, recommended that the appellee be awarded ownership of the animals and farm equipment and the proceeds from the cattle sold by the appellant. He further recommended that the appellant be paid attorney fees in the amount of $150.00 in excess of the amount already paid. The circuit court adopted these recommendations *in toto*.

▇▇▇ In regard to the personal property ownership issue, the only question is whether the trial court's findings are supported by the evidence. The law in this jurisdiction is well settled that:

"[i]n a divorce suit the finding of fact of a trial chancellor based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong or against the preponderance of evidence." Syl. pt. 4, *Belcher v. Belcher*, 151 W.Va. 274, 151 S.E.2d 635 (1966), *quoting*, syl. pt. 3, *Taylor v. Taylor*, 128 W.Va. 198, 36 S.E.2d 601 (1945).

*See, Sandusky v. Sandusky*, 166 W.Va. 383, 271 S.E.2d 434 (1981). The record reveals ample evidence that the equipment and cattle were the sole property of the appellee. It is clear that this property was procured and maintained through the appellee's efforts and expense and that appellant did not contribute her earnings or labor toward their purchase or upkeep. The trial court's findings, therefore, are not clearly wrong and must be affirmed.

▇▇▇ The appellant's contentions with respect to attorney fees are equally unavailing. Our law provides that:

"[i]n a suit for divorce, the trial chancellor is vested with a wide discretion in determining the amount of ... court costs and counsel fees; and the trial chancellor's determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that he has abused his discretion." Syl. pt. 3, *Bond v. Bond*, 144 W.Va. 478, 109 S.E.2d 16 (1959).

We cannot say here that a grant of $150.00 in attorney fees was a clear abuse of discretion. The appellee had previously paid certain of the appellant's attorney fees. Furthermore, the evidence reveals that the appellant possessed adequate resources of her own to compensate her attorneys.

Finally, the lower court did not err in ordering that this property and the cash proceeds from the sale of cattle be transferred to the appellee. *W. Va. Code*, 48–2–21 [1969], provides that upon decreeing a divorce, a court has the power to award to either of the parties any of his or her property, real or personal, that is in the possession or name of the other and to compel a transfer of it.

For the foregoing reasons, the judgment of the Circuit Court of Roane County is hereby affirmed.

Affirmed.