# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Hillard Dolin and Evelyn Dolin,**
**Defendants Below, Petitioners**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0298**  (Greenbrier County 07-C-341)

**Timoth Nunn and Violet Nunn,**
 **Plaintiffs Below, Respondents**


## MEMORANDUM DECISION

Petitioners Hillard and Evelyn Dolin, by counsel, James R. Sheatsley and Marvin W. Masters, appeal the verdict from a bench trial in this matter and the Circuit Court of Greenbrier County's post-trial orders entered on October 7, 2011, November 14, 2011, and January 30, 2012. Respondents Timoth and Violet Nunn, by counsel, Jenny A. Bonham, have filed their response. Petitioners seek reversal of the circuit court's post-trial orders and remand for a new trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

Petitioners own real property located in Greenbrier County, West Virginia. Respondents purchased property in 2005 that abuts petitioners' property. When a boundary line dispute arose, respondents hired a licensed surveyor to survey the property. That survey was completed on March 3, 2006, and it found that petitioners were encroaching on respondents' property. Petitioners then hired a surveyor to perform a survey, but that survey was not completed, purportedly due to differences between Petitioner Mr. Dolin and that surveyor. Respondents filed a petition to quiet title in the Circuit Court of Greenbrier County, West Virginia in December of 2007. Petitioners subsequently erected a fence, removed trees, and graded land on property that respondents' surveyor had determined was owned by respondents. Petitioners contend that these activities were supported by a survey performed by a third surveyor. However, between the time that survey was performed and the time of trial, that surveyor passed away and his file could not be located.

A bench trial was held on August 30 and 31, 2011. Various post-trial motions and responses were filed. On October 7, 2011, the court entered an "Order Determining the Boundary Line." On October 29, 2011, petitioners filed a motion pursuant to Rule 59 to alter or amend said ruling. On November 14, 2011, the trial court entered an order appointing

1

respondents' surveyor as a special commissioner to mark the ground of the boundary line shown by that survey. The court entered additional orders with regard to the Rule 59 motion on November 18 and November 30, 2011. On December 2, 2011, the special commissioner filed his "Plat of Survey." On December 9, 2011, respondents filed a "Renewed Motion for Damage Award and Sanctions" to which petitioners responded. The court held a hearing on December 20, 2011, to evaluate the issue of damages. On December 27, 2011, petitioners filed additional legal authority and a report with regard to the removal of fencing as directed by the trial court. On January 30, 2012, the court entered its order regarding monetary relief in favor of respondents.

On appeal, petitioners raise twenty-eight assignments of error, one of which has eight subparts. Despite raising numerous assignments of error, petitioners fail to address many of these alleged errors in the argument section of their petition. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that petitioner's brief contain an argument exhibiting clearly the points of fact and law presented. That Rule also requires that such argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." As this Court previously found, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W.Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Moreover, it is an appellant's burden to show the error in judgment of which he complains. *See* Syl. Pt. 2, *WV Dept. of Health & Human Resources Employees Federal Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004). Further, the judgment of the trial court will not be reversed unless error affirmatively appears from the record. *Id.* In addition, this Court has previously held that issues not addressed in an appellant's brief were deemed waived. *Damron v. Haines*, 223 W.Va. 135, 139 n.5, 672 S.E.2d 271, 275 n.5 (2008); *See In re Edward B.*, 210 W.Va. 621, 625 n.2, 558 S.E.2d 620, 624 n.2 (2001). Thus, this Court will only consider the assignments of error for which argument is set forth in the petition.

Petitioners set forth argument related to ten assignments of error.[1] Petitioners first assert that the trial court erred in making an evidentiary ruling to exclude a survey prepared by William E. Dilley, the surveyor who passed away prior to trial. Respondents argue that the exclusion of Mr. Dilley's survey was not an error and, even if it were error, it was harmless. Respondents argued before the lower court that the Dilley survey was not trustworthy because it could not be established that it was conducted in accordance with the applicable West Virginia regulations. Not only was the surveyor deceased, but his file and employees were gone. Therefore, respondents contend the plat was properly excluded in accordance with *McGuire v. Walker*, 188 W.Va. 214, 216, 423 S.E.2d 617, 619 (1992). "'A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syllabus point 4, *State v. Rodoussakis,* 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 11, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). Further, "'[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the

---

[1] The assignments are incorrectly numbered in the petition, so it appears there are only nine assignments.

appellate court unless it appears that such action amounts to an abuse of discretion.' Syllabus point 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds by State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994)." Syl. Pt. 2, *State v. Doonan*, 220 W.Va. 8, 640 S.E.2d 71 (2006). Under the facts of this case, this Court finds that the lower court did not abuse its discretion in excluding the survey performed by Mr. Dilley.

Petitioners' second claim of error is the circuit court's purported denial of their request to impanel a jury to address disputed factual issues. Respondents contend that petitioners never requested a jury trial and that the trial court tried to persuade the parties to have a jury trial. Rule 38(b) of the West Virginia Rules of Civil Procedure requires that a party seeking a jury trial to demand the same "in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." Rule 38(b) further directs filing of the demand as required by Rule 5(d). Rule 39(b) of the West Virginia Rules of Civil Procedure states that "[i]ssues not demanded for trial by jury as provided in Rule 38 shall be tried by the court. . ." The record does not reflect any demand for a jury trial by petitioners. Thus, the trial court did not deny any request from petitioners for a jury trial.

Petitioners third assertion of error is that the circuit court erred in admitting general character evidence regarding Petitioner Mr. Dolin. This evidence was related to Mr. Dolin's alleged bullying of other neighbors and the taking of neighbors' land. Respondents argue, and petitioners admit, that petitioners did not object and preserve this argument for appeal. "'A litigant may not silently acquiesce to an alleged error. . . and then raise that error as a reason for reversal on appeal.' Syl. Pt. 1, in part, *Maples v. W.Va. Dep't of Commerce, Div. of Parks and Recreation*, 197 W.Va. 318, 475 S.E.2d 410 (1996)." Syl. Pt. 4, *PNI Charles Town Gaming, LLC v. Reynolds*, 229 W.Va. 123, 727 S.E.2d 799 (2011). Further, this Court "'consistently has held that 'silence may operate as a waiver of objections to error and irregularities at the trial which, if seasonably made and presented, might have been regarded as prejudicial.' *State v. Grimmer*, 162 W.Va. 588, 595, 251 S.E.2d 780, 785 (1979), *overruled on other grounds, State v. Petry*, 166 W.Va. 153, 273 S.E.2d 346 (1980)." *Id.* at ___, 727 S.E.2d at 810. Under the facts presented in this matter, it appears that petitioners failed to object and, therefore, waived these alleged errors.

Petitioner's fourth issue is that the circuit court erred in determining the construction of fencing was not done under color of right based upon the Dilley survey. Respondents argue that petitioners were aware of the survey which showed that a portion of the land fenced by petitioners actually belonged to respondents. The standard of review applicable to cases which involve "mixed" questions of law and fact usually depends upon where they fall along the degree-of-deference continuum. *Fraternal Order of Police, Lodge No. 69 v. City of Fairmont*, 196 W.Va. 97, 100 n.3, 468 S.E.2d 712, 715 n.3 (1996). "'The more fact dominated the question, the more likely it is the trier's resolution of it will be accepted unless shown to be clearly erroneous.' *Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 106, 459 S.E.2d 374, 383 (1995)." *Id.* In this matter, this Court cannot conclude that the trial court's findings related to petitioners' construction of the fence were clearly erroneous.

The same standard applies to petitioners' eighth and ninth assignments of error, which are that the court erred in transferring culpability for actions alleged to be undertaken by one petitioner to all petitioners and that Petitioner Mr. Dolin attempted to cover up previous

3

litigation. Petitioners argue that the lower court transferred the "bad faith conduct" of Mr. Dolin to all of the defendants below. As respondents correctly point out, only Mr. and Mrs. Dolin are petitioners in this matter. Respondents also assert that Mr. Dolin admitted that he concealed previous litigation. Under the standards set forth in *Fraternal Order of Police* and *Tennant*, the lower court's findings on these issues were not clearly erroneous.

Those same standards also apply to petitioners' tenth assignment of error that the court allegedly found that petitioners' actions in engaging an attorney to represent their interests constituted a demonstration of vexatious conduct. They contend they had a legal right to hire an attorney to protect their interests. Respondents argue that the attorney was hired by petitioners to threaten respondents. This Court notes that the circuit court found several instances of alleged vexatious conduct on the part of petitioners. Therefore, this Court concludes that the circuit court's finding of vexatious conduct on the part of petitioners was not clearly erroneous.

The fifth assignment of error is that the court erred in its factual findings in its October 7, 2011 "Order Determining Boundary Line." Petitioners contend that the record is replete with evidence of petitioners' ownership of four tracts of land at issue, not two tracts as stated by the court. Petitioners also point to other alleged factual discrepancies contained in that order. "'In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.' Syl. pt. 1, *Public Citizen, Inc. v. First Nat. Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996)." Syl. Pt. 1, *Quicken Loans, Inc. v. Brown*, __ W.Va. __, 737 S.E.2d 640 (2012). This Court finds that the findings of fact set forth by the lower court in its October 7, 2011, are not clearly erroneous.

Petitioners' sixth assignment of error is that the court erred in denying their request to amend its preliminary ruling by order entered November 18, 2011. That order denied petitioners' motion for a new trial. "This Court reviews the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 1, *Burke-Parsons-Bowlby Corp. v. Rice*, __ W.Va. __, 736 S.E.2d 338 (2012). The facts presented in this matter do not support a finding that the circuit court abused its discretion in finding that the petitioners were not entitled to a new trial.

The seventh assignment of error is petitioners' contention that the circuit court erred in its January 30, 2012, order by shifting attorney's fees and costs to petitioners and by assessing punitive damages to petitioners. Respondents contend that petitioners' conduct warrants both the assessment of attorney's fees and costs and the award of punitive damages. Respondents argue that the circuit court clearly articulated the facts supporting its decision on these issues based on the record before it.

> "The decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be

4

disturbed on appeal except in cases of abuse." *Beto v. Stewart*, 213 W.Va. 355, 359, 582 S.E.2d 802, 806 (2003). *See also Sanson v. Brandywine Homes, Inc.*, 215 W.Va. 307, 310, 599 S.E.2d 730, 733 (2004) ("We . . . apply the abuse of discretion standard of review to an award of attorney's fees."); Syl. Pt. 2, *Daily Gazette Co., Inc. v. West Virginia Dev. Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999) ("""[T]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees, and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion.' Syllabus point 3, [in part,] *Bond v. Bond*, 144 W.Va. 478, 109 S.E.2d 16 (1959)." Syl. Pt. 2, [in part,] *Cummings v. Cummings*, 170 W.Va. 712, 296 S.E.2d 542 (1982) [ (per curiam) ].' Syllabus point 4, in part, *Ball v. Wills*, 190 W.Va. 517, 438 S.E.2d 860 (1993).")

*Corp. of Harpers Ferry v. Taylor,* 227 W.Va. 501, 504, 711 S.E.2d 571, 574 (2011). This Court finds that the lower court did not abuse its discretion in awarding attorney's fees and costs based on the facts contained in the record.

Further, regarding petitioners' assignment of error contending that the circuit court erred in awarding punitive damages in favor of respondents, we note that

"[o]ur punitive damage jurisprudence includes a two-step paradigm: first, a determination of whether the conduct of an actor toward another person entitles that person to a punitive damage award under *Mayer v. Frobe*, 40 W.Va. 246, 22 S.E. 58 (1895); second, if a punitive damage award is justified, then a review is mandated to determine if the punitive damage award is excessive under *Garnes v. Fleming Landfill, Inc.*, 186 W.Va. 656, 413 S.E.2d 897 (1991)." Syllabus point 7, *Alkire v. First National Bank of Parsons*, 197 W.Va. 122, 475 S.E.2d 122 (1996).

Syl. Pt. 19, *Peters v. Rivers Edge Mining, Inc.*, 224 W.Va. 160, 680 S.E.2d 791 (2009). *Accord* Syl. Pt. 6, *Perrine v. E.I. du Pont de Nemours and Co.*, 225 W.Va. 482, 694 S.E.2d 815 (2010). Under the facts of this case, this Court finds that the award of punitive damages by the trial court was proper and that the amount awarded was not excessive.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5