## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Raymond A. Hinerman, Sr. and Barbara B. Hinerman**
**Plaintiffs Below, Petitioners**

**vs) No. 14-0371** (Monongalia County 10-C-896)

**Richard Rodriguez and Rita C. Rodriguez,**
**Defendants Below, Respondents**

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Barabara and Raymond Hinerman, by counsel Raymond A. Hinerman, who also appears *pro se*, appeal various orders of the Circuit Court of Monongalia County after an adverse jury verdict. Respondents Richard Rodriguez and Rita Rodriguez, by counsel David M. Jecklin, and respondents KLM Properties, Inc., and Kathy L. Martin, by counsel Adam Barnes, filed a response. Petitioners filed a reply to each response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 5, 2010, Petitioners Raymond and Barbara Hinerman signed a purchase agreement for the purchase of a home from Respondents Richard and Rita Rodriguez. Respondent Kathy Martin, employed by respondent KLM Properties, Inc., was the licensed real estate agent handling the sale of the property to petitioners. Before the Hinermans executed the purchase agreement, they conducted two walk-through inspections of the property with Kathy Martin and Mrs. Rodriguez. During the first walk through of the property, the "toy room" door was partially opened, and they could see a portion of the room.[1] However, the "toy room" door could not be completely opened because of boxes in the room. Petitioners did not ask Ms. Martin, KLM, or Mr. and Mrs. Rodriguez to remove the boxes so they could enter the "toy room" prior to executing the purchase agreement. Upon the second walk-through, petitioners and Ms. Martin could not open the "toy room" door, and Ms. Martin said she thought the "toy room" door was locked. However petitioners never requested to inspect the "toy room" after the second inspection.

---

[1] The "toy room" is located in the basement of the home, and water damage in the toy room is the primary subject of petitioners' complaints against respondents.

1

Mr. Hinerman testified in his deposition that during each of the two walk-throughs of the property he personally saw evidence of prior water infiltration in the basement electrical room and garage. After viewing this, he personally inspected the exterior of the property and did not find any visible indications of water problems outside the home. Mr. Hinerman testified that he concluded that any prior water damage was not active and was something he could take care of. Mr. Hinerman further testified that he could evaluate the evidence of pre-existing dampness on the walls of the property during the two walk-throughs based upon (1) his prior water remediation work performed for his father as a teenager, (2) more than forty years as a practicing attorney and (3) personally remediating a water problem ten years earlier at his primary home. On October 17, 2010, respondents received the seller's disclosure statement. Petitioners did not ask any follow-up questions regarding the disclosure.

Days before the closing of the property, Mr. Hinerman received a phone call from Ms. Martin stating that the property had suffered water damage in a room in the basement. On December 22, 2010, petitioners entered the "toy room" and discovered the carpet was wet and two large fans were running, as well as rotting oak boards and one to two inch watermarks on the base boards. After this walk-through, petitioners declined to have the house inspected by a third party, stating that he believed that the "seller's disclosure statement was false" and that he would be able to get out of the purchase agreement if he desired, based upon his inspection of the "toy room". Petitioners did not request additional time or access to have a professional investigate the cause of the water issues or the extent of the damage observed during the December 22, 2010, inspection.

Petitioners filed suit against respondents on December 27, 2010, alleging that respondents breached the terms of the uniform purchase contract.[2] Petitioners also alleged that respondents committed fraud by intentionally concealing a defect in the home, which they specifically identified as the water leak. The closing took place on December 31, 2010, and petitioners purchased the home for $1,300,000.

On May 15, 2013, after discovery closed, respondents filed a motion for summary judgment. The motion attached the affidavit of Barry Dickson, who conducted an inspection of the property on June 6, 2002, and prepared a report on his findings dated June 10, 2002. His

---

[2] This is petitioners' third appeal to this Court. In *Hinerman v. Rodriguez*, 230 W.Va. 118, 736 S.E.2d 351 (2012), petitioners appealed the July 13, 2011, order of the circuit court, which denied petitioner's motion to alter or amend the partial summary judgment entered in favor of Respondents Mr. and Mrs. Rodriguez. In a per curiam opinion, this Court found the entry of that order to be in error and remanded the matter for discovery. This Court also ordered Mr. and Mrs. Rodriguez to deliver the deed "containing covenants of General Warranty, free and clear of all liens and encumbrances," as specified in the purchase agreement. Petitioners subsequently appealed the April 10, 2012, order of the circuit court, which related to the alleged sale of a boat on the property. *See Hinerman v. Rodriguez*, No. 12-0617 (West Virginia Supreme Court, May 17, 2013)(memorandum decision). In that memorandum decision, this Court affirmed the order of the circuit court.

2

inspection identified damp areas in the basement at the base of the right chimney and corners of the storage room under the garage. Mr. Dickson's report did not identify any water infiltration issues in the area of the house referred to as the "toy room" or in the adjacent crawl space. Petitioners were provided a copy of the report in discovery, but did not take Mr. Dickson's deposition. After respondents filed their motion for summary judgment with Mr. Dickson's affidavit, petitioners requested that the circuit court allow them to take the deposition of Mr. Dickson. The circuit court refused petitioner's request. On August 20, 2013, the circuit court granted respondents partial summary judgment and dismissed the fraud, conspiracy, economic or business duress, and intentional infliction of emotional distress causes of action. Respondents KLM and Kathy Martin were dismissed entirely from the litigation. The only remaining cause of action was a breach of contract claim against Respondents Mr. and Mrs. Rodriguez.

From January 7, 2014, to January 10, 2014, a jury trial was held on petitioners' breach of contract claim. The jury returned a verdict in favor of the respondents. Petitioner filed post-trial motions, which were denied by the trial court. Petitioners' appeal stems from four orders of the circuit court: (1) the March 25, 2014, order denying petitioners' motion for attorney's fees and costs and denying petitioners' motion for judgment as a matter of law and alternate motion for new trial; (2) the January 27, 2014, judgment order entered after the jury trial; (3) the August 20, 2013, order granting summary judgment for respondents[3]; and (4) the March 4, 2011, order granting partial summary judgment to and denying petitioners' motion for partial summary judgment.

Petitioners assert several assignments of error, but fail to set forth argument related to several of the assignments. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that petitioners' brief contain an argument exhibiting clearly the points of fact and law presented. That rule also requires that such argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." As this Court previously found, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W.Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)). Moreover, it is the petitioners' burden to show the error in judgment of which he complains. *See* Syl. Pt. 2, *WV Dept. of Health & Human Resources Employees Federal Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004). Further, the judgment of the trial court will not be reversed unless error affirmatively appears from the record. *Id.* In addition, this Court has previously held that issues not addressed in a petitioner's brief are deemed waived. *Damron v. Haines*, 223 W.Va. 135, 139 n.5, 672 S.E.2d 271, 275 n.5 (2008); *See In re Edward B.*, 210 W.Va. 621, 625 n.2, 558 S.E.2d 620, 624 n.2

---

[3] Petitioners' Notice of Appeal states that petitioners are appealing the April 10, 2012, order of the circuit court. That order was the subject of petitioners' second appeal, and was previously affirmed by this Court. It appears that petitioners are actually appealing the August 20, 2013, order of the circuit court, which dismissed all of the claims against Respondents KLM and Kathy Martin and all but one of the claims against Respondents Mr. and Mrs. Rodriguez.

3

(2001). Thus, this Court will only consider the assignments of error for which argument is set forth in the petition.

Petitioners' remaining assignments of error[4] are the following (1) the circuit court judge should have recused himself and not continued to preside over the case; (2) the circuit court erred in not awarding attorney's fees to petitioners when the law and facts demonstrated that there was a willful breach of the uniform real estate purchase Agreement by respondents, gross negligence and vexatious conduct; and (3) the court erred in denying petitioners' motion for judgment pursuant to West Virginia Rule of Civil Procedure 50(b) or, alternatively, grant a new trial pursuant to West Virginia Rule of Civil Procedure 59.

> [I]n reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 104, 459 S.E.2d 374, 381 (1995)

Petitioners first assert that the circuit court judge erred by not recusing himself and continuing to preside over the case. On or about September 1, 2011, petitioners filed a motion for disqualification against the circuit court judge. Citing Canon 3(E)(1) of the Code of Judicial Conduct, petitioners assert that the circuit court judge should have recused himself in this matter, as he had "a personal bias or prejudice concerning [Mr. Hinerman]." Petitioners cite numerous alleged acts of judicial misconduct, assert that the circuit court was discourteous and insulting to

---

[4] Petitioners asserted that the circuit court erred in granting partial summary judgment to respondents Mr. and Mrs. Rodriguez and summary judgment to Respondents Kathy Martin and KLM Properties. Petitioners did not set forth proper argument regarding this particular assignment of error. Instead, petitioners' "argument" amounts to a series of complaints regarding the rulings, which begin in media res, and assert facts which the circuit court considered and rejected as immaterial to the issue of whether a genuine issue of material fact exists. However, petitioners assert as a part of their "argument" that the circuit court improperly failed to apply West Virginia Rule of Civil Procedure 56(c), in part, which states, "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Upon our review of the appendix record in this matter and the March 25, 2014, order of the circuit court, we find that the circuit court applied the correct standard of review to this matter, and further, that the circuit court did not err in granting summary judgment to respondents. The issues raised by petitioners in their brief do not demonstrate that a genuine issue of material fact existed that would have prevented the circuit court from entering summary judgment or partial summary judgment in favor of respondents.

petitioners' counsel at nearly all proceedings, and was not impartial in his conduct and rulings[5]. The circuit judge advised the Chief Justice that he did not wish to recuse himself, and by administrative order entered September 15, 2011, petitioners' motion was denied.

Respondents counter that petitioners have failed to demonstrate that the judge should have recused himself. They dispute any alleged instances of judicial misconduct, and further claim that the comments complained of by petitioners were not, in fact, insulting or discourteous to petitioners. We agree with respondents and find that petitioners have set forth insufficient evidence to support its motion that Judge Gaujot should have recused himself.

Our law with regard to the disqualification of a judge is discussed in Canon 3E(1) of the West Virginia Code of Judicial Conduct. The Canon reads, in relevant part, as follows:

> A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
> (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding . . .

Further, we have repeatedly stressed the importance of an impartial judiciary. *See State ex rel. Skinner v. Dostert*, 166 W.Va. 743, 750, 278 S.E.2d 624, 630 (1981) (courts have an obligation pursuant to Section 17 of Article 3 of the West Virginia Constitution "to apply the law and decide the case unfettered by any influences alien to the case or the process"). "Indeed, one

---

[5] In their brief, petitioners recite numerous quotations from the circuit court, including the following:

During the January 8, 2013, hearing:

THE COURT: "You don't like my ruling so you want me step down from it, the case, is that what you're asking – suggesting?
MR. HINERMAN: No. You cut me off. I didn't say that at all

. . .

THE COURT: "Okay. I will say on the record that this case is turning pretty ugly. There's no need for arguing. There's still room for civility in this case. And I expect it and I demand it. [Petitioners indicate that this comment was directed to petitioner Mr. Hinerman.]

During the January 6, 2014, hearing:

THE COURT: You will not interrupt the judge when the judge is speaking.

of the most fundamental constitutional rights of a party under our judicial system is that he, she, or it is entitled to a fair judicial tribunal and that "'"fairness requires an absence of actual bias or prejudice in the trial of a case."'" *United States v. Wade*, 931 F.2d 300, 304 (5th Cir.), *cert. denied,* 502 U.S. 888, 112 S.Ct. 247, 116 L.Ed.2d 202 (1991). (Citations omitted)." *Tennant v. Marion Health Care Found., Inc.*, 194 W. Va. at 107, 459 S.E.2d at 384 (1995).

The claims made by petitioners are insufficient to support petitioners' motion that the judge should have recused himself. Petitioners' argument amounts to a series of complaints regarding adverse rulings and statements made from the bench, which while at times stern, were not insulting or discourteous to petitioners. Accordingly, we find that the circuit court did not err by refusing to recuse himself, and that this assignment of error is without merit.

Petitioners next assert that the circuit court erred by not awarding them attorney's fees. Petitioners filed a motion for court-awarded attorney's fees and statutory attorney's fees and costs, and memorandum of law in support, in an attempt to recoup attorney's fees after this Court's decision in *Hinerman*. Petitioners assert that because this Court found that respondents were required to provide a deed to the property "containing covenants of General Warranty, free and clear of all liens and encumbrances," as specified in the purchase agreement, respondents' failure to turn over the deed prior to litigation was "vexatious", and, therefore, petitioners are entitled to attorney's fees.

We have previously recognized that "'"[t]here is authority in equity to award to the prevailing litigant his or her reasonable attorneys' fees and "costs" without express statutory authorization, when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.' Syl. Pt. 3, *Sally–Mike Properties v. Yokum*, 179 W.Va. 48, 365 S.E.2d 246 (1986)." Syl. Pt. 5, *Muzelak v. King Chevrolet, Inc.*, 179 W.Va. 340, 368 S.E.2d 710 (1988)." *Miller v. Lambert*, 196 W.Va. 24, 32-33, 467 S.E.2d 165, 173-74 (1995). At the hearing regarding petitioners' motion for attorney's fees, Respondents Mr. and Mrs. Rodriguez first argued that Petitioner Mr. Hinerman was not entitled to attorney's fees as he was a pro se litigant. Respondents further argued that Petitioner Mrs. Hinerman was not yet entitled to attorney's fees because the case had not been fully litigated. At the May 2, 2013, pre-trial hearing, the circuit court agreed with respondents and took petitioners' motion for attorney's fees under advisement.

> This Court has held that "[t]he decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse." *Beto v. Stewart*, 213 W.Va. 355, 359, 582 S.E.2d 802, 806 (2003). *See also Sanson v. Brandywine Homes, Inc.*, 215 W.Va. 307, 310, 599 S.E.2d 730, 733 (2004) ("We . . . apply the abuse of discretion standard of review to an award of attorney's fees."); Syl. pt. 2, *Daily Gazette Co., Inc. v. West Virginia Dev. Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999) (" ' " '[T]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees, and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion.' Syllabus point 3, [in part,] *Bond v. Bond,* 144 W.Va. 478, 109 S.E.2d 16 (1959)." Syl. pt. 2, [in part,]

6

*Cummings v. Cummings,* 170 W.Va. 712, 296 S.E.2d 542 (1982) [(per curiam)].'
Syllabus point 4, in part, *Ball v. Wills,* 190 W.Va. 517, 438 S.E.2d 860 (1993).")

*Corp. of Harpers Ferry v. Taylor*, 227 W. Va. 501, 504, 711 S.E.2d 571, 574 (2011).

On February 11, 2014, a hearing was held on petitioners' post-trial motions and motion for attorney's fees. In an order entered March 25, 2014, the circuit court denied petitioners' motion for attorney's fees, finding that respondents' actions in the litigation were not vexatious. Given our review of the record in this matter, we cannot say that the circuit court abused its discretion in denying petitioners' request for attorney's fees. We have held that

> "'[b]ringing or defending an action to promote or protect one's economic or property interests does not *per se* constitute bad faith, vexatious, wanton or oppressive conduct within the meaning of the exceptional rule in equity authorizing an award to the prevailing litigant of his or her reasonable attorney's fees as 'costs' of the action.' Syllabus point 4, *Sally–Mike Properties v. Yokum,* 179 W.Va. 48, 365 S.E.2d 246 (1986)."

Syl. Pt. 6, *Yost v. Fuscaldo*, 185 W.Va. 493, 408 S.E.2d 72 (1991). Petitioners' argument regarding the alleged "vexatious" conduct centers on respondents' failure to turn over a general warranty deed, and litigation of that issue, including filing responsive pleadings in this Court over the matter. Petitioners fail to assert any facts that establish that the circuit court abused its discretion in the denial of petitioners' request for attorney's fees. Accordingly, we find no error.

Finally, petitioners assert that the circuit court erred in denying their motion for judgment notwithstanding the verdict, or, alternatively, their motion for a new trial[6]. Petitioners argue that they were entitled to judgment as a matter of law on the issue of breach of contract, and that the only issue which should have been presented to the jurors is the issue of damages.

> "In reviewing a trial court's ruling on a motion for a judgment notwithstanding the verdict, it is not the task of the appellate court reviewing facts to determine how it would have ruled on the evidence presented. Its task is to determine whether the evidence was such that a reasonable trier of fact might have reached the decision below. Thus, in ruling on a motion for a judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the nonmoving party. If on review, the evidence is shown to be legally insufficient to sustain the verdict, it is the obligation of this Court to

---

[6] Petitioners reference Rule 59 of the West Virginia Rules of Civil Procedure, in this portion of their brief, but do not actually present argument. Rule 59 of the West Virginia Rules of Civil Procedure allows for a trial court to order a new trial, "in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law." Petitioners cite a list of reasons that they contend would entitle them to a new trial, but provide no authority in support of their position. For this reason, we also decline to address petitioners' assignment of error regarding their Motion to Grant a new trial.

7

reverse the circuit court and to order judgment for the appellant." Syllabus Point 1, *Mildred L.M. v. John O.F.*, 192 W.Va. 345, 452 S.E.2d 436 (1994).

Syl. Pt. 1, *Barefoot v. Sundale Nursing Home*, 193 W.Va. 475, 457 S.E.2d 152 (1995).

Petitioners mistakenly rely upon this Court's opinion in *Hinerman*, to support their contention that there was no genuine issue of material fact for jurors to consider with respect to their breach of contract claim. Petitioners argue that based upon this Court's interpretation of the purchase agreement, they were entitled to judgment as a matter of law. We disagree and find that the circuit court did not err in denying petitioners' motion.

With respect to the purchase agreement at issue, in our previous decision we expressly held, that "in the context of this action, it would likewise be inappropriate to conclude that the buyers are entitled to judgment as a matter of law;" and remanded the matter for discovery. *Hinerman*, 230 W.Va. at 126, 736 S.E.2d at 359 (2012). At the close of discovery, the circuit court reviewed the evidence presented and dismissed all claims except the breach of contract claim, which was properly submitted to the jury. Petitioners do not present any substantive argument to support their contention, nor do petitioners cite to the record regarding rulings or testimony which, viewed in the light most favorable to respondents, are legally sufficient to overturn the jury verdict in this matter. Further, this Court's review of the record reveals that there is sufficient evidence to sustain the jury verdict. Accordingly, we also find this assignment of error to be without merit.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

8