# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**SGT. Robert Timothy Ankrom,**
**Petitioner**

**vs.)  No. 19-0357** (Harrison County 16-P-9-1)

**Sheriff of Harrison County, West Virginia,**
**Respondent**

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Timothy Ankrom, by counsel Sam H. Harrold, appeals the Circuit Court of Harrison County's March 6, 2019, order denying his motion for attorney's fees. Respondent Sheriff of Harrison County, by counsel Andrea L. Roberts, filed an appeal in support of the circuit court's order. On appeal, petitioner argues the circuit court erred in denying his motion for attorney's fees.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner, a sergeant with the Harrison County Sheriff's Department ("Sheriff's Department"), was assigned to work as a family court bailiff and supervisor. On January 12, 2015, a juror brought his lunch to the courthouse in a small cooler. Such items were not allowed in the courtroom, so another bailiff, Jeremy Jaumot, placed the cooler in the hallway. Twenty-minutes later, the cooler was discovered by bailiff Mike Baldwin, who called petitioner, who was Mr. Baldwin's supervisor. Petitioner informed his supervisor, Lt. Greg Scolapio, about the cooler and also called Joe Carbacio, Sheriff Albert Marano's administrative assistant to inquire if he could investigate the cooler. Petitioner never personally investigated the cooler. Mr. Carbacio called Sheriff Marano, who investigated the cooler and determined it contained a juror's lunch.

In a January 21, 2015, letter, petitioner was informed that he violated the departmental mission by failing to personally examine the cooler and investigate its presence; that he violated the chain of command by asking a civilian, Mr. Carbacio, to respond to investigate the cooler and failing to keep his supervisor informed of the situation; that he violated the regulation regarding

1

attention to duty by failing to show full attention to his assignment; and that he violated request for service by failing to take prompt action regarding a request for police service. On March 20, 2015, petitioner was demoted to the rank of deputy for violating the Sheriff Department's rules and regulations. He appealed the decision to the Civil Service Commission ("Commission"). After hearings on June 17, 2015, and July 20, 2015, the Commission found that petitioner failed to obey the rules and regulations of the Sheriff's Department regarding chain of command, attention to duty, and request for service. The Commission further found that petitioner was properly demoted to the rank of deputy.

Petitioner appealed the Commission's decision to the circuit court, and the petition for review was granted. The circuit court vacated the findings and conclusions of the Commission and remanded the case for further proceedings and an alternative disciplinary action on June 14, 2018. Petitioner then filed a motion for contempt asserting that the Sheriff's Department should have reinstated him to the rank of sergeant. On September 14, 2016, the parties negotiated an agreement in which petitioner received a written warning, was reinstated to the rank of sergeant, and was given back pay. The agreement also required petitioner to dismiss his motion for contempt and specified that there would be no further action or appeal as pertains to the case. The agreement was submitted to and signed by the circuit court on September 14, 2018. On September 21, 2018, petitioner filed a motion for attorney's fees in the amount of $55,706. The circuit court entered an order on March 6, 2019, denying petitioner's motion because he was neither reinstated nor exonerated by the circuit court. It is from this order that petitioner appeals.

In reviewing a circuit court decision on attorney's fees, this Court has stated that

"[t]he decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse." *Beto v. Stewart,* 213 W.Va. 355, 359, 582 S.E.2d 802, 806 (2003). *See also Sanson v. Brandywine Homes, Inc.,* 215 W.Va. 307, 310, 599 S.E.2d 730, 733 (2004) ("We . . . apply the abuse of discretion standard of review to an award of attorney's fees."); Syl. pt. 2, *Daily Gazette Co., Inc. v. West Virginia Dev. Office,* 206 W.Va. 51, 521 S.E.2d 543 (1999) ("'"[T]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees, and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion.' Syllabus point 3, [in part,] *Bond v. Bond,* 144 W.Va. 478, 109 S.E.2d 16 (1959)." Syl. pt. 2, [in part,] *Cummings v. Cummings,* 170 W.Va. 712, 296 S.E.2d 542 (1982) [ (per curiam) ].' Syllabus point 4, in part, *Ball v. Wills,* 190 W.Va. 517, 438 S.E.2d 860 (1993).").

*Corp. of Harpers Ferry v. Taylor*, 227 W. Va. 501, 504, 711 S.E.2d 571, 574 (2011).

On appeal, petitioner asserts that the circuit court erred in denying his motion for attorney's fees. West Virginia Code § 7-14-17(b) provides that "[t]he deputy, if reinstated or exonerated by the circuit court or by the Supreme Court of Appeals, shall, if represented by legal counsel, be awarded reasonable attorney fees as approved by the court and the fees shall be paid by the sheriff from county funds." Petitioner argues that when the circuit court granted his petition for review, it concluded that petitioner's demotion was not warranted or justified and, therefore, vacated the

Commission's findings. Accordingly, petitioner asserts that he prevailed against respondent. He argues that by remanding the case with instructions that his discipline not include demotion and by finding that he did not violate the rules and regulations he was accused of violating, the circuit court effectively reinstated and exonerated him.

Based on our review of the record below, we find that the circuit court committed no error. Here, petitioner was neither exonerated nor reinstated by the circuit court. His case was resolved when the parties reached an agreement whereby petitioner would be given a written warning and be reinstated with back pay. While the circuit court determined that petitioner's demotion in rank was not justified, it did not reinstate or exonerate petitioner. In fact, the circuit court explicitly found that if it had exonerated petitioner, his case would not have been remanded for alternative disciplinary action. Accordingly, pursuant to the plain language of West Virginia Code § 7-14-17(b), we find no error in the circuit court's denial of petitioner's motion for attorney's fees.

For the foregoing reasons, we affirm the March 6, 2019, order denying petitioner's motion for attorney's fees.

Affirmed.

**ISSUED:** February 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

3