711 S.E.2d 571

**CORPORATION OF HARPERS FERRY,**
A West Virginia Municipal Corporation,
Defendant Below, Appellant

v.

**Ralph TAYLOR, Plaintiff
Below, Appellee.**

No. 101438.

Supreme Court of Appeals of
West Virginia.

Submitted May 11, 2011.

Decided May 26, 2011.

Gregory A. Bailey, Arnold & Bailey, Shepherdstown, WV, for Appellant.

J. Michael Cassell, Campbell Flannery, P.C., Charles Town, WV, for Appellee.

PER CURIAM:

The corporation of Harpers Ferry, appellant/defendant below (hereinafter "the City" or "City Council") appeals from an order of the Circuit Court of Jefferson County denying its motion to alter or amend a judgment. The circuit court's order denied the City's request to alter or amend a prior order awarding Ralph Taylor, appellee/plaintiff below (hereinafter "Mr. Taylor"), attorney's fees in the underlying declaratory judgment action.[1] Here, the City contends that the evidence did not support an award of attorney's fees and that it was entitled to an evidentiary hearing on the issue of attorney's fees. After a careful review of the briefs, the record submitted on appeal, and the oral arguments of the parties, we affirm.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On December 12, 2005, Mr. Taylor submitted a request to the City for permission to create a path along Zachary Taylor Street[2]

---

**1.** The circuit court's prior order actually awarded Mr. Taylor attorney's fees and costs. However, the City's motion to alter or amend challenged only the award of attorney's fees. Here, the City has briefed only the issue of attorney's fees, although in its prayer for relief it asks this Court to also set aside the award of costs. Insofar as the City failed to challenge the issue of costs below and failed to specifically brief the issue in this appeal, we deem the issue of costs to have been waived. *See Cooper v. City of Charleston*, 218 W.Va. 279, 290, 624 S.E.2d 716, 727 (2005) (per curiam) ("'[A]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those [which are] mentioned only in passing but are not supported with pertinent authority, are not considered on appeal.'" (internal quotations and citations omitted)).

**2.** Zachary Taylor Street was a publicly-dedicated but unimproved street.

to accommodate a truck that would be used to access property he owned adjacent to the street.[3] At the time of Mr. Taylor's request, Robert DuBose (hereinafter "Mr. DuBose") was a City Council member who lived in a house adjacent to the proposed access path to Mr. Taylor's property. On January 9, 2006, the City approved Mr. Taylor's request to access his property, on the condition that Mr. Taylor use erosion control silt fences and reseed with rye grass. The City also requested that Mr. Taylor get an authorization letter from the Mayor documenting the requirements. Although Mr. DuBose abstained from voting on the request, he participated in all discussions.

Two days after the City's approval of Mr. Taylor's request, Mr. DuBose sent e-mails complaining about the City's approval of Mr. Taylor's request. He sent e-mails to a member of the Planning Commission, the Chief of Police, and all members of the City Council. In a letter dated January 17, 2006, the Mayor imposed additional conditions on Mr. Taylor. After Mr. Taylor consented to the additional conditions, he was informed on February 11, 2006, that he could proceed with his plan. However, at the request of Mr. DuBose, on April 25, 2006, the City Council conducted a Special Meeting for the *sole purpose* of discussing Mr. Taylor's project. At the meeting, the City Council decided to impose additional conditions on Mr. Taylor before he could create a path to access his property. The conditions included: (1) an additional survey; (2) a detailed description of the proposed work; (3) planting numerous dogwoods and other tree species; (4) a fill plan with specified materials to be used; (5) before and after drawings or photographs of all proposed changes to the land; (6) a topographic survey of the right-of-way with two to four foot contours; and (7) a site drawing plan with the location of each tree proposed to be removed. Mr. Taylor agreed to the additional terms.

On June 12, 2006, the City informed Mr. Taylor that he had to retain a professional engineer to prepare a full set of construction engineering drawings sealed by the engineer, at a cost of $25,000 to $30,000. Based upon Mr. Taylor's experience as a professional construction manager and architect, he concluded that the request was without merit because the professional engineer would have no standards or guidelines upon which to base the work. The City did not provide Mr. Taylor with a set of standards, guidelines, policies, or any guidance that would aid in obtaining the engineering drawings.

As a consequence of the burdensome conditions imposed upon him, Mr. Taylor filed a declaratory judgment action against the City on November 20, 2007. Mr. Taylor sought to establish that the conditions imposed upon him had no basis in law and were discriminatory. The case was heard by the circuit court without a jury on September 15, 2009. On December 4, 2009, the circuit court entered an order setting out findings of fact and conclusions of law. In that order, the circuit court concluded that (1) imposition of the engineering requirements upon Mr. Taylor were not authorized by law and were unreasonable and unenforceable, (2) the conduct by Mr. DuBose deprived Mr. Taylor of due process of law, and (3) Mr. Taylor could file an application seeking recovery of attorney's fees, costs and expenses. The City *did not* appeal the order.[4]

Mr. Taylor filed a motion for an award of attorney's fees and costs on December 23, 2009. The circuit court entered a scheduling order on December 28, 2009, allowing the City to respond to Mr. Taylor's motion. The City filed a response opposing the award of attorney's fees on February 3, 2010. The circuit court entered an order on April 9, 2010, awarding Mr. Taylor attorney's fees and costs. The City subsequently filed a motion to alter or amend the judgment order awarding attorney's fees under Rule 59(e) of the West Virginia Rules of Civil Procedure. On June 29, 2010, the circuit court entered an order denying the City's motion to alter or amend. From these orders, the City now appeals.

---

3. Mr. Taylor wanted access to the property to determine whether it was suitable for construction of a home.

4. The circuit court entered an order granting Mr. Taylor the requested declaratory judgment relief on April 22, 2010.

## II.

### STANDARD OF REVIEW

This case is presented to this Court from an order of the circuit court denying the City's Rule 59(e) motion to alter or amend a final order. We have held that:

> The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.

Syl. pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998). The underlying judgment order appealed in this case was the circuit court's order awarding Mr. Taylor attorney's fees and costs. This Court has held that "[t]he decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse." *Beto v. Stewart*, 213 W.Va. 355, 359, 582 S.E.2d 802, 806 (2003). *See also Sanson v. Brandywine Homes, Inc.*, 215 W.Va. 307, 310, 599 S.E.2d 730, 733 (2004) ("We ... apply the abuse of discretion standard of review to an award of attorney's fees."); Syl. pt. 2, *Daily Gazette Co., Inc. v. West Virginia Dev. Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999) (" ' " '[T]he trial [court] ... is vested with a wide discretion in determining the amount of ... court costs and counsel fees, and the trial [court's] ... determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion.' Syllabus point 3, [in part,] *Bond v. Bond*, 144 W.Va. 478, 109 S.E.2d 16 (1959)." Syl. pt. 2, [in part,] *Cummings v. Cummings*, 170 W.Va. 712, 296 S.E.2d 542 (1982) [ (per curiam) ].' Syllabus point 4, in part, *Ball v. Wills*, 190 W.Va. 517, 438 S.E.2d 860 (1993)."). We will consider the parties' arguments in light of these review standards.

## III.

### DISCUSSION

The City raises two primary arguments in support of its petition for appeal. We deny both reasons and will discuss each individually.

### A. The Evidence Supports the Award of Attorney's Fees

 The first argument raised by the City is that its conduct prior to, and during, the litigation did not support the trial court's award of attorney's fees to Mr. Taylor. This Court has held that "[a]s a general rule each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement." Syl. pt. 2, *Sally–Mike Props. v. Yokum*, 179 W.Va. 48, 365 S.E.2d 246 (1986). However, "[t]here is authority in equity to award to the prevailing litigant his or her reasonable attorney's fees as 'costs,' without express statutory authorization, when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." Syl. pt. 3, *id.*

Although the City is correct in arguing that the evidence did not establish that it engaged in any bad faith conduct *during* the litigation, the trial court found that the City's conduct *prior* to the litigation warranted the award of attorney's fees. Specifically, the trial court's order awarding attorney's fees listed the following findings to support the award: (1) Mr. DuBose had a conflict of interest but failed to recuse himself from discussions conducted by the City Council; (2) Mr. DuBose conducted an active and persistent pattern of direct communication with City Council members and other City officials in an effort to prevent Mr. Taylor from accessing his property; (3) the City Council failed to give Mr. Taylor an impartial hearing; (4) there was no ordinance or statute that regulated access to unimproved streets; and (5) the City Council required that Mr. Taylor comply with a series of unjustifiable conditions which continued to escalate in their difficulty and expense.

 In an effort to refute the trial court's findings, the City contends that it should not be penalized for the prelitigation conduct of Mr. DuBose because he was not a named party. This argument is meritless. First, the trial court did not rest its decision solely upon the egregious conduct of Mr. DuBose.

The trial court, in essence, found that the City Council as a whole, wrongfully conspired to prevent Mr. Taylor from accessing his property. Second, even if the record only showed that Mr. DuBose, as a City Council member, acted in a vexatious manner that prevented Mr. Taylor from accessing his property, the City still could be held responsible for such conduct with respect to attorney's fees. *See, e.g.,* W. Va.Code § 29–12A–4(c)(2) (1986) ("Political subdivisions are liable for ... acts by their employees while acting within the scope of employment."). In Syllabus point 3 of *Richardson v. Town of Kimball,* 176 W.Va. 24, 340 S.E.2d 582 (1986), this Court explained that

> "[c]itizens should not have to resort to law suits to force government officials to perform their legally prescribed non-discretionary duties. When, however, resort to such action is necessary to cure willful disregard of law, the government ought to bear the reasonable expense incurred by the citizen in maintaining the action." *Nelson v. W. Va. Pub. Employees Ins. Bd.,* 171 W.Va. 445, [451], 300 S.E.2d 86, 92 (1982).

*See also Dunbar Fraternal Order of Police v. City of Dunbar,* 218 W.Va. 239, 624 S.E.2d 586 (2005) (affirming award of attorney's fees against city); *Collins v. City of Bridgeport,* 206 W.Va. 467, 525 S.E.2d 658 (1999) (same); *Booker T. Washington Constr. & Design Co. v. Huntington Urban Renewal Auth.,* 181 W.Va. 409, 415, 383 S.E.2d 41, 47 (1989) ("In addition, the City will also be liable to the Authority for costs and reasonable attorney fees incurred by the Authority ... to determine that the title to the property was defective.").

Consequently, we find no abuse of discretion in the award of attorney's fees in this case.

### B. The City Was Not Entitled to an Evidentiary Hearing

■ The next issue raised by the City is that the trial court erred in failing to hold an evidentiary hearing on the issue of attorney's fees. The City relies primarily upon the decision in *Horkulic v. Galloway,* 222 W.Va. 450, 665 S.E.2d 284 (2008), to support its argument that an evidentiary hearing was required on the issue of attorney fees. We disagree with the City's application of *Horkulic.*

*Horkulic* was brought to this Court on a writ of prohibition by a defendant insurance company. In *Horkulic,* the plaintiffs sued a law firm for legal malpractice. While the case was pending, the plaintiffs filed a third-party bad faith action against the law firm's insurer. The bad faith claim was stayed pending the outcome of the underlying case. During a hearing in the underlying case, the trial court granted the plaintiffs' motion to compel enforcement of a settlement agreement. The insurer was not permitted to participate in the hearing. However, at the conclusion of the hearing, the trial court ruled that the insurer was responsible for paying the attorney's fees awarded to the plaintiffs. The insurer asked this Court, among other things, to prohibit enforcement of the award of attorney's fees because it was not allowed to participate in the hearing. This Court granted the relief requested and required the trial court, on remand, to allow the insurer to participate in proceedings to determine whether attorney's fees should be awarded to the plaintiffs.

In the case *sub judice,* the City contends that *Horkulic* stands for the proposition that it is always reversible error to fail to hold an evidentiary hearing on the issue of attorney's fees. To the contrary, *Horkulic* was concerned with denying a party the right to participate in a hearing at which attorney's fees were assessed against that party. In the instant case, the City was not precluded from participating in the proceeding to determine whether attorney's fees should be awarded.

■ "Even though a party against whom costs and attorney's fees are to be assessed has a due process right to notice and an opportunity to be heard thereon prior to their imposition, it is imperative for a party to actively enforce his/her notice and hearing rights instead of sitting on his/her laurels and effectively waiving the process to which he/she is due." *In re John T.,* 225 W.Va. 638, 648, 695 S.E.2d 868, 878 (2010) (Davis, C.J., concurring.) *See also In re Marriage*

*of Jones,* 187 Ill.App.3d 206, 231, 134 Ill.Dec. 836, 853, 543 N.E.2d 119, 136 (1989) ("[A] party waives his right to a hearing on attorney's fees where he did not request a hearing before the trial court and is thereby left with the judge's ruling on the basis of the fee petition and affidavits alone."). The facts of this case show that the City waived its right to request an evidentiary hearing on the issue of attorney's fees.

In the instant case, Mr. Taylor filed a motion for attorney's fees. Mr. Taylor submitted, as an exhibit, an itemized statement of his fee request. As a result of the motion, the trial court entered a scheduling order pursuant to Rule 22 of the West Virginia Trial Court Rules. The scheduling order was a general form order that had two separate choices: the first option indicated the court would decide a motion on the pleadings and record; the second option indicated that a motion would be decided after a hearing. The scheduling order had a check mark by the provision for deciding a motion on the pleadings and record.[5] In other words, the scheduling order specifically notified all parties that the fee request would be decided on the pleadings and record.

The City filed a response to the motion for attorney's fees after the trial court issued its Rule 22 scheduling order. The City's response did not challenge the amount of fees requested.[6] Importantly, the City also *did not* request an evidentiary hearing. The City merely argued in its response that the evidence was insufficient to award attorney's fees. After the circuit court entered its order awarding attorney's fees, the City filed a Rule 59(e) motion to alter or amend the judgment. In that motion, the City argued for the first time that it was entitled to an evidentiary hearing. It has been correctly observed that "Rule 59(e) is not a vehicle for a party to undo his/her own procedural failures or to advance arguments that could have been presented to the trial court prior to judgment." Franklin D. Cleckley, Robin J. Davis, Louis J. Palmer, Jr., *Litigation Handbook on the West Virginia Rules of Civil Procedure,* § 59(e), at 1179 (3d ed.2008).

Because it was on notice that the issue would be decided on the pleadings and record, the City could have demanded a hearing on the fee request prior to the circuit court's entry of judgment. The City made no such demand until after it received an adverse ruling on its motion. The City's failure to timely demand a hearing constitutes a waiver. *See Thomas v. Makani,* 218 W.Va. 235, 239, 624 S.E.2d 582, 586 (2005) (" 'When a litigant deems himself or herself aggrieved by what he or she considers to be an important occurrence in the course of a trial ... he or she ordinarily must [timely] object then and there or forfeit any right to complain at a later time.' " (quoting *State v. LaRock,* 196 W.Va. 294, 316, 470 S.E.2d 613, 635 (1996))); *Hanlon v. Logan Cnty. Bd. of Educ.,* 201 W.Va. 305, 316, 496 S.E.2d 447, 458 (1997) ("A party simply cannot acquiesce to, or be

---

**5.** It should be noted that Rule 22.03 of the Trial Court Rules gives the trial court discretion in determining whether a motion is decided on the record or after a hearing. The rule states that "[t]he court *may* require or permit hearings on motions[.]" (Emphasis added).

**6.** In a footnote in its brief the City cites, without discussion, to Syllabus point 4 of *Aetna Casualty & Surety Co. v. Pitrolo,* 176 W.Va. 190, 342 S.E.2d 156 (1986), wherein we held:

Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employ-

ment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The issue of the reasonableness of the attorney's fees was not briefed by the City. Moreover, the City conceded during oral argument before this Court that it does not challenge the amount of attorney's fees awarded. *See Tiernan v. Charleston Area Med. Ctr., Inc.,* 203 W.Va. 135, 140 n. 10, 506 S.E.2d 578, 583 n. 10 (1998) ("Issues not raised on appeal or merely mentioned in passing are deemed waived." (citation omitted))

the source of, an error during proceedings before a tribunal and then complain of that error at a later date.").

## IV.

### CONCLUSION

For the foregoing reasons, the circuit court's order of June 29, 2010, denying the City's motion to alter or amend, is affirmed.

Affirmed.