# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

Frank W. Tuckwiller,
Personally, and as Trustee of the
Frank W. Tuckwiller Revocable Trust, and
Barbara H. Tuckwiller,
Defendants Below, Petitioners

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.) No. 19-0345 (Greenbrier County 17-C-181)

Raymond W. Tuckwiller,
Plaintiff Below, Respondent


# MEMORANDUM DECISION


Petitioners Frank W. Tuckwiller, Personally, and as Trustee of the Frank W. Tuckwiller Revocable Trust, and Barbara H. Tuckwiller, by counsel Christopher D. Lefler, appeal the Circuit Court of Greenbrier County's March 5, 2019, order granting Respondent Raymond W. Tuckwiller's motion for attorney's fees. Respondent, by counsel Isak Howell, filed a response in support of the circuit court's order. On appeal, petitioners argue that the circuit court abused its discretion in awarding attorney's fees to respondent.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1997, respondent and his brother, Petitioner Frank W. Tuckwiller, entered into a contract for the sale and purchase of three parcels of land. By deeds dated November 13, 1997, January 26, 2000, and November 3, 2000, respondent conveyed the three properties to petitioners. Each deed contained three covenants preventing subdivision, additional dwelling construction, and industrial or commercial development on the properties. At the time of sale, there were four buildings on the properties: the Old Big Barn, the Wagon Barn, the Grainery Mill House, and the Milk House. Petitioners brought suit against respondent in 2010, seeking rescission of certain restrictive covenants. Following litigation, the parties entered into a mediated settlement agreement on October 20, 2010, which limited construction on the properties. Specifically, paragraph 7 of the agreement provided that "[s]hould either party breach this Settlement Agreement, any such dispute

1

shall be resolved through binding arbitration with the non-prevailing party being solely responsible for the attorney fees and costs of the prevailing party."

The parties continued to have disagreements over the interpretation and application of the covenants. Pursuant to the settlement agreement, the parties went to arbitration over additions petitioners made to structures on the properties. On August 5, 2015, an arbitrator determined that petitioners violated the settlement agreement and petitioners were ordered to remove additions to the Milk House and Grainery Mill House. Because respondent was the prevailing party, petitioners were ordered to pay his attorney's fees pursuant to the settlement agreement. In 2017, respondent requested a clarification of the names of existing buildings on the properties. The arbitrator issued a second order on September 12, 2017, clarifying that his award applied to all buildings on the property, regardless of name.

On September 27, 2017, respondent filed a motion to enforce the removal of an addition to the Wagon Barn, which he alleged was constructed in violation of the settlement agreement. Specifically, respondent sought removal of a sheep/lambing shed constructed as an addition to the Wagon Barn. Petitioners argued that the shed constitutes agricultural use, and therefore, does not violate the settlement agreement. Respondent filed a motion for summary judgment, and a hearing was held on October 1, 2018. At the conclusion of the hearing, the circuit court granted the motion for summary judgment. Respondent then filed a motion for attorney's fees. A hearing on the motion was held before the circuit court on February 11, 2019. The circuit court determined that the 2010 settlement agreement was binding, that it required arbitration, and that it provided attorney's fees to the prevailing party. The court specifically noted that there would be no need for attorney's fees if not for petitioners' failure to comply with the arbitrator's 2017 order. As such, petitioners were ordered to pay $10,517.50 in attorney's fees. It is from this March 5, 2019, order that petitioners appeal.

On appeal, petitioners raise one assignment of error. They assert that the circuit court abused its discretion in awarding attorney's fees and costs. Petitioners argue that they complied with all directions of the 2015 arbitrator's award and removed all additions to the Milk House and Grainery Mill House. They assert that respondent requested the second arbitrator's award to clarify confusing terms. The supplemental order did not address attorney's fees, nor did it provide a timeframe in which to comply with the order.[1] Petitioners note that the structure left standing was a sheep/lambing shed connected to the Wagon Barn, which they assert was in accordance with the property covenants as it relates to agricultural use of the property. Petitioners assert that respondent filed a motion for attorney's fees based solely upon the fact that he was found to be the prevailing party in arbitration. They state that the award of fees ignored the prior award for attorney's fees, the fact that the respondent is the one who sought clarification of the 2015 arbitration order, and the fact that petitioners had already complied with the original arbitrator's award and tore down the additions to the Milk House and Grainery Mill House. Petitioners argue that the underlying action by respondent breached the terms of the settlement agreement because such motion for attorney's fees was not predicated upon an arbitrator's award.

---

[1]Petitioners assert that they were given approximately sixty days to comply with the 2015 arbitration order and that the respondent filed an action to enforce the removal of the additions to the property fifteen days after the September 12, 2017, arbitration order was entered.

2

Regarding awards for attorney's fees, this Court has stated that

"[t]he decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse." *Beto v. Stewart,* 213 W.Va. 355, 359, 582 S.E.2d 802, 806 (2003). *See also Sanson v. Brandywine Homes, Inc.,* 215 W.Va. 307, 310, 599 S.E.2d 730, 733 (2004) ("We . . . apply the abuse of discretion standard of review to an award of attorney's fees."); Syl. pt. 2, *Daily Gazette Co., Inc. v. West Virginia Dev. Office,* 206 W.Va. 51, 521 S.E.2d 543 (1999) ("""[T]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees, and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion.' Syllabus point 3, [in part,] *Bond v. Bond,* 144 W.Va. 478, 109 S.E.2d 16 (1959)." Syl. pt. 2, [in part,] *Cummings v. Cummings,* 170 W.Va. 712, 296 S.E.2d 542 (1982) [ (per curiam) ].' Syllabus point 4, in part, *Ball v. Wills,* 190 W.Va. 517, 438 S.E.2d 860 (1993).").

*Corp. of Harpers Ferry v. Taylor*, 227 W. Va. 501, 504, 711 S.E.2d 571, 574 (2011).

We have further stated that "[i]t is well-established that settlement agreements are contracts and therefore, 'are to be construed "as any other contract."'" *Sanson v. Brandywine Homes, Inc.,* 215 W. Va. 307, 311, 599 S.E.2d 730, 734 (2004) (citing *Burdette v. Burdette Realty Improvement, Inc.,* 214 W. Va. 448, 452, 590 S.E.2d 641, 645 (2003)) (quoting *Floyd v. Watson,* 163 W. Va. 65, 68, 254 S.E.2d 687, 690 (1979)). An award of attorney's fees is appropriate where the governing document contains a provision allowing for the recovery of such fees. *Moore v. Johnson Serv. Co.,* 158 W. Va. 808, 821, 219 S.E.2d 315, 323 (1975) (holding that the prevailing party should be granted attorney's fees as provided for in a commercial lease agreement).

We find that the circuit court committed no error. Petitioners and respondent entered into a binding settlement agreement. After petitioners constructed additions on the property, respondent sought enforcement of the settlement agreement through arbitration. The arbitrator found in the August 5, 2015, arbitrator's award that petitioners were in violation of the settlement agreement. The arbitrator ordered petitioners to remove additions to the Milk House and Grainery Mill House and pay attorney's fees. Petitioners paid the fees and removed additions to the Milk House and Grainery Mill House. Respondent then sought a second arbitrator's order clarifying the names of the buildings on the property to which the order replied. The arbitrator issued an order on September 12, 2017, which stated that the provisions in the settlement agreement apply equally to each of the four buildings on the property. Therefore, construction at any of the four buildings violated the settlement agreement and petitioners were ordered to remove all additions to any of the four buildings. Respondent was then forced to file a motion to enforce the removal of an addition to the property at the Wagon Barn. The circuit court granted respondent's motion for summary judgment. On this issue, respondent then filed a motion for attorney's fees. Paragraph 7 of the settlement agreement expressly states that "[s]hould either party breach this Settlement Agreement, any such dispute shall be resolved through binding arbitration with the non-prevailing party being solely responsible for the attorney fees and costs of the prevailing party." Petitioners breached the settlement agreement, therefore respondent took the matter to arbitration. The

arbitrator determined by the September 12, 2017, arbitrator's order that respondent was the prevailing party. Based on the plain language of the settlement agreement, and our prior case law governing attorney's fees, the circuit court committed no error in awarding respondent attorney's fees and costs in this case.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice John A. Hutchison

**DISQUALIFIED:**
Justice Evan H. Jenkins

4