## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Louis Andrew Yancich,**
**Plaintiff Below, Petitioner**

**vs.) No. 20-0578** (Kanawha County 18-C-968)

**New Life Clinics, Inc., and**
**James T. Bowen, individually and in his**
**capacity as President of New Life Clinics, Inc.,**
**Defendants Below, Respondents**


## MEMORANDUM DECISION


Petitioner Louis Andrew Yancich, by counsel Travis A. Griffith, appeals the Circuit Court of Kanawha County's July 10, 2020, order denying his motion for attorney's fees and costs, which motion was filed after the parties entered into a settlement agreement waiving petitioner's right to any attorney's fees. Respondents New Life Clinics, Inc., and James T. Bowen, individually and in his capacity as President of New Life Clinics, Inc., by counsel Matthew A. Nelson and James A. Kirby III, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner sued respondents on July 31, 2018, asserting claims for violation of the Wage Payment and Collection Act ("WPCA"),[1] quantum meruit, breach of contract, promissory estoppel and unjust enrichment, and sought to pierce the corporate veil. Petitioner served as the medical director for Respondent New Life Clinics, Inc. ("Respondent Clinic"), and his claims stemmed from Respondent Clinic's alleged failure to pay him in accordance with the terms of his "Independent Physician Agreement" ("physician agreement") and respondents' alleged unlawful termination of that contract. Because the physician agreement contained an arbitration provision, the circuit court granted respondents' motion to compel arbitration and to dismiss the case on December 11, 2018.

---

[1] *See* W. Va. Code §§ 21-5-1 through -18.

Following dismissal, the parties agreed to mediate the matter rather than arbitrate, and they reached a settlement on July 22, 2019. Among other terms set forth in the parties' settlement agreement, respondents agreed to pay petitioner $40,000 and return certain personal property to him by October 20, 2019. October 20, 2019, came and went, however, without respondents tendering the settlement funds or personal property. Accordingly, petitioner filed a "Motion to Reopen Case to Enforce Settlement Agreement" in October of 2019.

At a hearing in November of 2019 on petitioner's motion to reopen and enforce the settlement, he explained that the parties had mediated and settled the matter and that their settlement agreement had been reduced to writing. The circuit court said, "All right, you may reduce it to a judgment order," and on November 13, 2019, the court entered a judgment order granting petitioner's motion to reopen "for the limited purpose of this order only" and entering judgment against respondents in the amount of $40,000, plus pre- and post-judgment interest. With respect to the items of personal property identified in the parties' settlement agreement, the court's order stated that "this matter shall be treated as an action in **REPLEVIN**" and entered judgment for the return of the specified items of personal property.

On April 2, 2020, respondents paid the full amount of the monetary judgment, including pre-judgment and post-judgment interest, and on April 15, 2020, they returned the identified personal property.

On April 29, 2020, petitioner filed a "Motion for an Award of Attorney['s] Fees and Costs" under the WPCA for attorney's fees and costs expended since late June 2018.[2] Petitioner claimed that the circuit court's "entry of judgment against [respondents] is the equivalent of a court entering judgment against a defendant based upon a verdict rendered by a jury. Thus, based upon this judgment, [petitioner] substantially prevailed and is entitled to an award of reasonable attorney['s] fees and costs."

In respondents' response to petitioner's motion for attorney's fees, they noted that petitioner filed his motion to reopen the case specifically to enforce the settlement agreement, that petitioner did not seek attorney's fees in that motion, and that the court's order on that motion granted petitioner's motion "for the limited purposes of this Order," referring to the court's judgment order. In other words, the court reopened the case for the limited purpose of enforcing the settlement agreement, which amounted to entering judgment against respondents in the amount agreed upon in the settlement agreement, and respondents satisfied that judgment.

Respondents also highlighted petitioner's release of respondents in the parties' settlement agreement:

---

[2] The WPCA permits a court to, "in the event that any judgment is awarded to the plaintiff or plaintiffs, assess costs of the action, including reasonable attorney['s] fees against the defendant." W. Va. Code § 21-5-12(b).

a. **Release of [Respondent Clinic].** [Petitioner] intends to settle and/or waive any and all claims he has or may have against [Respondent Clinic], in addition to any current or former officers, employees, including but not limited to [Respondent] James T. Bowen, attorneys, agents, assigns, insurers, representatives, counsel, benefit plan administrators, other administrators, successors, parent companies, subsidiaries, affiliates, shareholders and/or directors of [Respondent Clinic] (collectively, the "Released Parties"), for anything that has occurred up to the date of the execution of this Agreement, including but not limited to, any and all claims resulting from [petitioner's] employment with [Respondent Clinic] and/or [petitioner's] contractual relationship with [Respondent Clinic], and his separation from employment or association with [Respondent Clinic], and any and all claims asserted or that could have been asserted in the Civil Action. For the consideration expressed herein, [petitioner] hereby releases and discharges the Released Parties from all liability for damages, affirmative or equitable relief, judgments or attorneys' fees, and agrees not to institute any claim for damages, affirmative or equitable relief, judgments or attorneys' fees, and agrees not to institute any claim for damages, affirmative or equitable relief, judgments or attorneys' fees, by charge or otherwise, nor authorize any other party, governmental or otherwise, to institute any claim to recover damages, affirmative or equitable relief, judgments or attorneys' fees on his behalf via administrative or legal proceedings against the Released Parties for any damages, judgments or attorneys' fees, including but not limited to, any claims arising under or based upon the West Virginia Wage Payment and Collection[] Act, W. Va. Code § 21-5-1, *et seq.* up through the date of his execution of this Agreement. Nothing in the foregoing release is intended to release any claim that cannot be released as a matter of law.

The circuit court denied petitioner's motion on July 10, 2020. The court relied on the release set forth in the settlement agreement, quoted above, and noted that that paragraph stated in four places that petitioner waived all claims for attorney's fees. The paragraph further specifically set forth petitioner's waiver of any and all claims for attorney's fees under the WPCA—the precise statute under which petitioner was seeking his award of attorney's fees. Petitioner now appeals.

Petitioner raises three assignments of error, all of which pertain to the circuit court's denial of his motion for attorney's fees.[3] The arguments addressed in his assignments of error

---

[3] Although petitioner sets forth three assignments of error, the "Argument" section of his brief addresses two primary arguments, each with a number of sub-arguments. Irrespective of how petitioner has presented his assignments of error, all of his arguments relate to the circuit court's denial of his motion for attorney's fees. Accordingly, his arguments have been aggregated and recounted collectively.

(continued . . .)

can be distilled into four points. First, petitioner claims that the court erred in concluding that the parties' settlement agreement was dispositive on the issue of fees when respondents breached that agreement by failing to pay the settlement amount and return petitioner's property by the established deadline. Petitioner asserts that the contractual relationship no longer existed, so the court could not rely on it to find that petitioner waived his right to attorney's fees and costs. Second, petitioner contends that the court's judgment order "substantively resolved the matter." That is, because petitioner's underlying WPCA claim contained a fee-shifting provision, the court's judgment order amounted to a judgment on that claim, thereby entitling him to fees under the applicable statute. Third, petitioner asserts that the court erred in failing to consider that the WPCA "is remedial legislation designed to protect working people and assist them in the collection of compensation wrongly withheld." *Clendenin Lumber & Supply Co., Inc., v. Carpenter*, 172 W. Va. 375, 380, 305 S.E.2d 332, 337 (1983) (citation omitted). Thus, *collection* of the compensation owed is contemplated by the WPCA. Fourth and finally, petitioner argues that the court's denial of his motion will dissuade plaintiffs from settling and force them to trial because the court has, in effect, incentivized avoiding settlement obligations. "[I]n the absence of the required aspects of fee-shifting statutes, [d]efendants could simply ignore their obligations, fail to pay the same and have no consequences," petitioner maintains.

"This Court has held that '[t]he decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse.'" *Corp. of Harpers Ferry v. Taylor*, 227 W. Va. 501, 504, 711 S.E.2d 571, 574 (2011).

We begin by placing this case in its proper procedural context: since its December of 2018 dismissal of petitioner's complaint, no WPCA claim has existed between the parties before the circuit court. Rather, the parties were before the circuit court to address enforcement of their settlement of that and other claims. While petitioner makes much of respondents' breach of the settlement agreement and the underlying purpose of the WPCA, he ignores that he moved, despite any breach, to *enforce* that agreement, and it is on *that* agreement that the circuit court entered judgment. Petitioner's claims against respondent, including his WPCA claim, were not revived by his filing of a motion to enforce the settlement agreement, nor was there a judgment on or substantive resolution of those claims by the court's entry of its judgment order. The

---

In addition, petitioner argues for the first time in his reply brief, "[w]ithout waiving the arguments made" in his initial brief, that "the day *after* the settlement agreement was signed, the fee meter was running once again based on [r]espondents' breach." In support, he highlights the language in the settlement agreement specifying that the release is "for anything that has occurred up to the date of the execution of this Agreement." Petitioner does not include "citations that pinpoint when and how the issue[] . . . [was] presented to the lower tribunal," in violation of Rule 10(c)(7) of this Court's Rules of Appellate Procedure, nor does our review of the appendix record indicate that he raised this argument below. "Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (citation omitted). Consistent with this authority, we decline to consider this argument.

4

court's judgment was rendered on the parties' settlement agreement, which, again, petitioner had moved to enforce.

Part of the settlement agreement that petitioner successfully enforced was a waiver of any claim for attorney's fees under the WPCA. Unquestionably, enforcement of the agreement, including respondents' payment of $40,000 and the return of personal property to petitioner—of which he acknowledges receipt—likewise requires enforcement of the provision waiving attorney's fees.

Petitioner's policy arguments are similarly unavailing because, first, they do not serve to release him from the agreement into which he entered and of which he sought enforcement. Second, they ignore a litigant's ability to negotiate settlement terms that address identified concerns, such as a term allowing recoupment of attorney's fees and costs incurred in enforcing the settlement agreement. No such provision is present here, however.

Put simply, petitioner entered into a settlement agreement waiving his right to collect attorney's fees under the WPCA. Petitioner moved to enforce that settlement agreement, the circuit court granted petitioner's motion and entered judgment on that agreement, and respondents paid the agreed-upon settlement funds and returned the specified personal property. Petitioner will not now be heard to complain that he should not be bound by the agreement he sought to enforce or that the agreement "failed and should not have been enforced."[4]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 23, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[4] We further note that petitioner's intimation that the court erred in enforcing the settlement agreement he moved to enforce is not well taken. If petitioner could establish error, his claim would fail under the invited error doctrine. "A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." Syl. Pt. 2, *Hopkins v. DC Chapman Ventures, Inc.*, 228 W. Va. 213, 719 S.E.2d 381 (2011) (citation omitted). "A judgment will not be reversed for any error in the record introduced by or invited by the party seeking reversal." *Id.* at 215, 719 S.E.2d at 383, Syl. Pt. 3 (citation omitted).