# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 27, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BRENDA FONNER,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-79**    (Cir. Ct. of Braxton Cnty. Case No. CC-04-2019-C-27)

**JUDY COGAR,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brenda Fonner appeals the January 23, 2023, order from the Circuit Court of Braxton County, which denied her motion to alter or amend the circuit court's September 2, 2020, order granting summary judgment to Respondent Judy Cogar. Ms. Cogar filed a response.[1] Ms. Fonner filed a reply. The issue on appeal is whether the circuit court erred in denying Ms. Fonner's motion to alter or amend the circuit court's September 2, 2020, summary judgment order.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 27, 2018, Ms. Fonner, Ms. Cogar, and Tawny Boyce[2] executed a Memorandum of Understanding ("MOU") "to establish the terms and conditions under which the [p]artners will work together to form a corporation and manage the initial expenses and responsibilities necessary to prepare Gary's Supper Club for opening." The business was operated at a location owned by Ms. Cogar.[3]

---

[1] Ms. Fonner is represented by Daniel Armstrong, Esq. Ms. Cogar is represented by Kelly G. Pawlowski, Esq.

[2] Ms. Boyce was not a party to the underlying litigation.

[3] The business was d/b/a Gary's Supper Club & Hot Spot. While it is undisputed that Ms. Cogar supplied the premises/building for the business, the MOU does not expressly state that obligation.

1

Under the MOU, the parties agreed to certain terms and conditions. Among them, the parties agreed that: (1) Ms. Fonner was responsible for working with a West Virginia attorney to incorporate the business with Ms. Fonner and Ms. Cogar each holding a forty-nine percent ownership interest and Ms. Boyce holding the remaining two percent; (2) Ms. Fonner was responsible for providing an initial startup cash contribution, which was to be used to pay for all necessary expenses (inventory, equipment, facility repairs, etc.) required to prepare the business for opening; (3) Ms. Fonner had a right of first refusal to purchase the property from Ms. Cogar; and (4) a promissory note was to be executed between the corporation and Ms. Fonner, "ensuring that all startup cash contributions be paid back to [Ms.] Fonner by the corporation." The promissory note was executed on June 27, 2018. Ms. Fonner claims that she contributed $71,562.48 to the business and is owed that amount from Ms. Cogar.

In a social media message dated August 14, 2018, Ms. Cogar thanked Ms. Fonner for all she had invested in Gary's Supper Club. Ms. Cogar also told Ms. Fonner that she intended to repay her as quickly as possible. The business ceased all operations on or about October 1, 2018. Following its closure, Ms. Cogar sold the real property upon which the business was situated. Ms. Fonner did not exercise her right of first refusal. A dispute arose between Ms. Cogar and Ms. Fonner regarding repayment of the startup investment under the promissory note. By agreement dated April 29, 2019, the parties placed $71,562.48 from the proceeds of the sale in escrow pending resolution of the parties' dispute.

The parties were unable to resolve the matter, and on September 23, 2019, Ms. Fonner filed her complaint against Ms. Cogar, alleging claims based upon theories of breach of contract and breach of fiduciary duty. Ms. Cogar moved for summary judgment on May 11, 2020, and the circuit court heard the motion on June 3, 2020, directing the parties to submit proposed findings of fact and conclusions of law by June 22, 2020.

On September 2, 2020, the circuit court entered its order granting summary judgment to Ms. Cogar. The circuit court found that the MOU and promissory note were both unambiguous and should be read together. It was determined that the documents clearly stated that Ms. Fonner's startup contributions were to be reimbursed by the profits of the corporation and not the partners personally. The circuit court also determined that neither document gave Ms. Fonner an interest in the proceeds from the sale of the real property. Because the agreements did not set forth a personal guarantee from Ms. Cogar to repay Ms. Fonner's investment, the circuit court concluded there were no genuine issues of material fact as to any of Ms. Fonner's claims and dismissed the case.

On September 11, 2020, Ms. Fonner filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure. In her motion, Ms. Fonner argued that there were still genuine issues of material fact, and that the case should be heard by a jury. In support of her motion, Ms. Fonner relied solely upon the West

Virginia Uniform Partnership Act ("Partnership Act"), West Virginia Code §§ 47B-1-1 to -11-5. Relying upon the Partnership Act, Ms. Fonner advanced three arguments.

First, Ms. Fonner argued that *Northeast Natural Energy LLC v. Pachira Energy LLC*, 243 W.Va. 362, 844 S.E.2d 133 (2020), a signed opinion issued by our Supreme Court of Appeals on June 12, 2020, nine days after the circuit court heard the summary judgment motion, changed the controlling law relied upon by the circuit court when it ruled on summary judgment. In sum, Ms. Fonner argued that *Northeast* required the circuit court to consider Ms. Cogar's real property where the business was located and Ms. Fonner's startup capital as partnership property with Ms. Cogar and Ms. Fonner each holding a forty-nine percent ownership interest in the same. Next, Ms. Fonner contended that *Northeast* preempted the MOU and created genuine issues of material fact concerning ownership of partnership property and the alleged breach of the MOU by Ms. Cogar. Ms. Fonner also argued that "[Ms. Cogar]'s promise of repayment to Ms. Fonner constitutes an agreement to purchase Ms. Fonner's share of the business." Lastly, it was asserted that Ms. Cogar's motion for summary judgment failed to address Ms. Fonner's claim for breach of fiduciary duty, which according to *Northeast* raised a question of fact for a jury.

The circuit court heard the motion to alter or amend on January 11, 2021. On January 23, 2023, the circuit court entered its order denying the motion. In its order, the circuit court noted that our Supreme Court of Appeals has clearly stated that a Rule 59(e) motion to alter or amend cannot be used by a party to correct their own procedural failures or to raise arguments that could have been previously raised with the trial court. The circuit court further determined that our case law states that these motions should only be granted when there is: (1) an intervening change in controlling law; (2) new evidence not previously available comes to light; (3) it becomes necessary to remedy a clear error of law; or (4) to prevent obvious injustice. *See* Syl. Pt. 2, *Mey v. Pep Boys-Manny, Moe & Jack*, 228 W. Va. 48, 50, 717 S.E.2d 235, 237 (2011).

The circuit court concluded that Ms. Fonner's several arguments related to the Partnership Act could have been raised previously but were not argued at summary judgment. Because the Partnership Act was raised for the first time in the motion to alter or amend, it was determined that Ms. Fonner was trying to advance new legal arguments that were previously available. Regarding the *Northeast* decision, the circuit court found that the case was issued after the court heard the motion for summary judgment, but prior to entry of its ruling, and, thus, Ms. Fonner could have raised *Northeast* with the court.

It was further concluded that while Ms. Fonner disagreed with the circuit court's finding that there were no genuine issues of material fact, no new evidence had been presented, but instead, Ms. Fonner reargued the same facts which existed at summary judgment. The court also rejected Ms. Fonner's contention that Ms. Cogar did not adequately address several counts of the complaint in her motion for summary judgment. On this issue, the court found that it addressed those counts in its summary judgment order,

and that Ms. Fonner failed to raise any alleged inadequacies at the summary judgment stage when she had the ability to do so. The circuit court's order was entered on January 23, 2023, and this appeal followed.

A motion to alter or amend is reviewed under the following standard:

> The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.

Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 431, 513 S.E.2d 657, 658 (1998). Because the motion sought to alter or amend an order granting summary judgment, we apply a *de novo* standard of review. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 190, 451 S.E.2d 755, 756 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*.").

From the outset, we note that Ms. Fonner did not appeal the underlying summary judgment order. Instead, the only order included with Ms. Fonner's notice of appeal and, thus, currently before the Court, is the order denying her motion to alter or amend. Therefore, our review is limited to the four corners of that order and the merits of the summary judgment order are not before us for consideration.

On appeal, Ms. Fonner advances two arguments. First, Ms. Fonner argues that the "circuit court erred in granting summary judgment where there was still a dispute of material facts." On this issue, Ms. Fonner maintains that summary judgment was premature because based upon the Partnership Act, there are still genuine issues of material fact related to the MOU. However, as we previously established, the summary judgment order was not appealed and therefore its merits are not properly before the Court.

Furthermore, even when considering this argument under the *Mey* factors, Ms. Fonner's argument still fails. As the circuit court observed, this argument does not establish an intervening change in controlling law, new evidence not previously available, a clear error of law, or an obvious injustice. *See Mey*, 228 W. Va. at 50, 717 S.E.2d at 237, syl. pt. 2. Instead, Ms. Fonner reargued the facts and made arguments which were previously available at the time the parties argued summary judgment before the circuit court. For instance, Ms. Fonner's motion to alter or amend is couched exclusively in terms of the Partnership Act. However, the Partnership Act was in effect and available for Ms. Fonner to plead prior to summary judgment. As our Supreme Court of Appeals has noted, a motion seeking to alter or amend a judgment under Rule 59(e) of the West Virginia Rules of Civil Procedure "is not a vehicle for a party to undo his/her own procedural failures or to advance arguments that could have been presented to the trial court prior to judgment." *Corp. of*

4

*Harpers Ferry v. Taylor*, 227 W. Va. 501, 506, 711 S.E.2d 571, 576 (2011) (citations and quotations omitted). Accordingly, Ms. Fonner is not entitled to relief on this issue.

Next, Ms. Fonner contends that the circuit court erred by denying her motion to alter or amend without taking into consideration the *Northeast* decision, which the Supreme Court of Appeals of West Virginia issued after the circuit court heard oral argument on the motion for summary judgment, but prior to entering its summary judgment order. The *Northeast* decision is a signed opinion which addresses the Partnership Act and, in support of her appeal, Ms. Fonner quotes the following language from that opinion:

> Property acquired by a partnership is property of the partnership and not of the partners individually . . . . Under the Partnership Act, Partners are no longer conceived of as co-owners of partnership property. Rather the partnership entity owns partnership property . . . . Even property that is contributed by partners becomes property of the entity rather than property of cotenancy of the contributing partners.

*Northeast*, 243 W. Va. at 368, 844 S.E.2d at 139 (citations and quotations omitted). According to Ms. Fonner, that excerpt constitutes an intervening change in controlling law, which should have altered the circuit court's ruling on summary judgment. We disagree.

While the Supreme Court of Appeals of West Virginia has never directly defined what constitutes an "intervening change in controlling law" with respect to a motion to alter or amend, we do find that it has provided guidance regarding the precedential authority of its decisions. In *State v. McKinley*, 234 W. Va. 143, 764 S.E.2d 303 (2014), the Supreme Court of Appeals set forth the weight to be given to all its decisions, and in its first three syllabus points it divided its signed opinions into two distinct categories:

> 1. Signed opinions containing original syllabus points have the highest precedential value because the Court uses original syllabus points to announce new points of law or to change established patterns of practice by the Court.

> 2. Signed opinions that do not contain original syllabus points also carry significant, instructive, precedential weight because such opinions apply settled principles of law in different factual and procedural scenarios than those addressed in original syllabus point cases.

> 3. Signed opinions, both those including new syllabus points and those not containing new syllabus points, are published opinions of the Court. As such, they should be the primary sources relied upon in the development of the common law.

5

*McKinley*, at 146, 764 S.E.2d at 306, syl. pts. 1-3.

Turning to *Northeast*, it is important to note that this case does not contain a new syllabus point of law and that the language cited by Ms. Fonner was taken from a single paragraph in the signed opinion. Thus, to put this language in the appropriate context, the paragraph must be considered in its entirety. To that end, the entire paragraph states:

> The Partnership Act states that "[a] partnership is an entity distinct from its partners." W. Va. Code § 47B-2-1 (1995). Because a partnership is a distinct entity, the Act provides the following rule for the ownership of property by a partnership: "Property acquired by a partnership is property of the partnership and not of the partners individually." W. Va. Code § 47B-2-3 (1995). Under the Partnership Act, "Partners are no longer conceived of as co-owners of partnership property. Rather, the partnership entity owns partnership property." Allan Donn, Robert W. Hillman, Donald J. Weidner, *Rev. Uniform Partnership Act*, § 203 (2019). "Even property that is contributed by partners becomes property of the entity rather than property of a cotenancy of the contributing partners." *Id. See generally*, *Valentine v. Sugar Rock, Inc.*, 234 W. Va. at 541, 766 S.E.2d at 800 (discussing the philosophical underpinnings of property ownership under the Partnership Act). "[I]f property has become partnership property, the individual partners no longer have a direct interest in it." *Id.*, 234 W. Va. at 541, 766 S.E.2d at 800 (quoting Donn, *Rev. Uniform Partnership Act*, § 204).

*Northeast*, 243 W. Va. at 368, 844 S.E.2d at 139.

As evidenced by the full text of this paragraph, the language relied upon by Ms. Fonner does not create an intervening change in controlling law, but rather, illustrates our Supreme Court of Appeals applying its own established precedent and its prior interpretations of the Partnership Act to the facts of that case. *Northeast* embodies the type of signed opinion described by syllabus point two of *McKinley* and, thus, *Northeast* did not alter Partnership Act precedent as it existed at the time summary judgment was litigated below. Likewise, as previously noted, Ms. Fonner failed to raise the Partnership Act prior to the circuit court's entry of summary judgment.

Further, as the circuit court observed, Ms. Fonner was not foreclosed from raising the *Northeast* opinion prior to entry of the summary judgment order. As reflected by the record, the circuit court heard the motion for summary judgment on June 3, 2020, and ordered the parties to file their respective proposed findings of fact and conclusions of law by June 22, 2020. The *Northeast* opinion was issued on June 12, 2020, and the circuit court did not enter its summary judgment order until September 2, 2020. Therefore, Ms. Fonner had ample opportunity to apprise the circuit court of the *Northeast* opinion prior to the post-summary judgment filing deadline set by the circuit court or alternatively, she had

sufficient time to file a motion with the circuit court to reopen summary judgment based upon the *Northeast* opinion. Because Ms. Fonner had sufficient time to submit her *Northeast* arguments to the circuit court, there is no basis for altering or amending the circuit court's summary judgment order.

Accordingly, we affirm the circuit court's January 23, 2023, order.

Affirmed.

**ISSUED:** February 27, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear