IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WEST VIRGINIA DEPARTMENT
OF HUMAN SERVICES, BUREAU
FOR CHILD SUPPORT ENFORCEMENT,**
**Respondent Below, Petitioner**

**FILED**

**February 18, 2025**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-205**     (Fam. Ct. Braxton Cnty. Case No. FC-04-2022-D-66)

**BENJAMIN M.,**
**Respondent Below, Respondent**

**And**

**SHANNA M.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner West Virginia Department of Human Services, Bureau for Child Support Enforcement ("BCSE") appeals the May 3, 2024, order of the Family Court of Braxton County which ordered that BCSE refund an overpayment of child support payments to Respondent Benjamin M. ("Father") and pay Father's attorney fees. Father filed a response.[1] BCSE filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' oral and written arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the family court's order is reversed.

Father and Shanna M. ("Mother") were never married but share one child. On July 14, 2014, Mother filed a petition for child support and allocation of custody. Mother also completed an application with BCSE to assist with the collection of child support. On October 9, 2014, the first hearing was held on Mother's petition. The family court entered a Temporary Support Order on October 10, 2014, which consisted of a one-page fillable form with hand-written notes and a child support calculation worksheet attached. The child

---

[1] BCSE is represented by Mark L. French, Esq. Father is represented by Shannon R. Thomas, Esq. Shanna M. did not participate in this appeal.

support calculation worksheet showed that the original calculation was $339.66 per month, but the parties agreed for Father to pay Mother $200 per month instead.

On November 10, 2014, a more detailed order entitled Order Establishing Temporary Parenting Plan and Child Support was entered. In that order, the family court named Mother as the "residential" parent and held that Father would have parenting time on Mondays from 5:00 p.m. until Tuesdays at 7:00 a.m., alternating weekends from Friday at 5:00 p.m. until Tuesday at 7:00 a.m., as well as holiday time and three weekends during the summer. The order also stated that such arrangement "shall be deemed the temporary parenting plan" of the parties and reaffirmed that Father would pay Mother $200 per month in child support until the child reached the age of eighteen years old, or was sooner emancipated, or beyond the age of eighteen so long as the child was enrolled as a full-time student in a secondary school or vocational school and making substantial progress toward a diploma, but not past the date the child reached the age of twenty. The November 10, 2014, order also stated that "[i]f no other Parenting Plan is adopted in the next 90 days, this Plan shall be deemed the Permanent Parenting Plan" and that "[u]nless a motion to modify is filed, the child support amount will continue to be due and cannot later be changed retroactively even though there has been a change of circumstances since the entry of the order." The November 10, 2014, order was not titled as a final order and did not contain appeal language.[2] The matter was scheduled for a December 1, 2014, pretrial conference.

On October 9, 2015, the family court reviewed the case and issued an order on October 14, 2015, closing and dismissing the case. That order stated that an Order Cancelling Trial was entered on December 8, 2014, removing the matter from the docket because there were no remaining issues. The October 14, 2015, order did not set forth any language concerning the parenting plan or child support then in effect by virtue of the November 10, 2014, order. The order reflects handwritten notes indicating that copies were sent to Mother and Father on October 19, 2015, and appeal language was included, stating that the October 14, 2015, order was a final order. No party appealed the October 14, 2015, order.

---

[2] Rule 22(c) of the West Virginia Rules of Practice and Procedure for Family Court states that all final family court orders shall contain language informing the parties that: (1) the order is final; (2) that any party aggrieved by the final order may appeal to the intermediate court of appeals (formerly, the circuit court) or directly to the supreme court of appeals; (3) that an appeal to the intermediate court of appeals (formerly, the circuit court) may be filed by either party within thirty days of the entry of the final order; and (4) that in order to appeal directly to the supreme court, both parties must file, either jointly or separately, a joint notice of an intent to appeal and waiver of right to appeal to the intermediate court of appeals (formerly, the circuit court) within fourteen days after the entry of the final order.

No significant court action took place until August 17, 2022, when Father filed a petition to modify the parenting plan, wherein he alleged the child had been residing with him. On August 25, 2022, the family court entered an order scheduling a hearing for September 15, 2022. BCSE did not participate in that hearing. The next day, on September 16, 2022, Father contacted BCSE to inform BCSE of the outcome of the September 15, 2022, hearing. That same day, BCSE received, allegedly for the first time, a copy of the October 14, 2015, dismissal order. The BCSE ceased child support collection activities. On October 25, 2022, in apparent response to her belated receipt of the October 14, 2015, dismissal order, Mother filed a new petition for the allocation of custody and decision-making, and for the establishment of child support. This new petition was docketed as a new case. Father filed a counterclaim requesting repayment of child support collected by BCSE and paid to Mother. On December 19, 2022, the family court entered an order dismissing the 2014 case for a second time. The December 19, 2022, order stated that the 2014 case had been dismissed without a final order, and, therefore, Father was unable to pursue his petition for modification because no final order existed to modify.

A hearing on Mother's October 25, 2022, petition was scheduled for May 17, 2023. Following the hearing, an Agreed Order[3] was entered on June 28, 2023, which held the following: (1) the November 10, 2014, order was temporary; (2) the case was dismissed without a final order; (3) the parties were unaware of the October 14, 2015, dismissal order; (4) the family court did not understand why BCSE continued to deduct child support payments from Father's paychecks with no final order authorizing it; and (5) BCSE's actions brought into question its good faith.

It appears that no additional hearings were held. Father's counsel drafted a proposed final order, which the family court adopted and entered on May 3, 2024. The May 3, 2024, order included the following findings of fact: (1) no final order with the requisite appeal language had been entered for the 2014 case; (2) the 2014 case was closed and dismissed on October 14, 2015; (3) no final hearing ever occurred; (4) the parties operated under the temporary order until August 17, 2022, when Father filed a petition for modification; (5) Father made numerous attempts to contact BCSE because BCSE refused to stop collecting child support; (6) the evidence showed that BCSE was aware that the order was not a final order and that the case's dismissal meant child support should not have been collected; (7) BCSE admitted that the case was reviewed regularly; (8) BCSE collected $200 per month from Father for eight years even though there was no legal obligation for him to pay; and (9) attorney's fees are appropriate under *Banker v. Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996).

The family court further held that BCSE did not act in good faith beyond the October 14, 2015, dismissal order and ordered BCSE to complete an audit of Father's file, to submit the audit to the family court within thirty days of the entry of the final order showing the

---

[3] The record indicates that BCSE did not participate in this agreed order.

amount of "overpayment" plus interest, and to pay Father the overpayment within thirty days of submitting the audit. Additionally, BCSE was ordered to reimburse Father $6,809.83 in attorney's fees within thirty days of submitting the audit. It is from the May 3, 2024, final order that BCSE now appeals.

For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

BCSE asserts four assignments of error on appeal. Several assignments of error are closely related, which we will consolidate. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating the general proposition that related assignments of error may be consolidated for ruling); *Jacquelyn F. v. Andrea R.*, No. 16-0585, 2017 WL 2608425, at *1 n.2 (W. Va. June 16, 2017) (memorandum decision) (restating assignments of error where they involve clearly related issues).

In its notice of appeal and briefs, BCSE asserted as error provisions in the family court's order that required BCSE to "complete and [sic] audit and file the same with the Court… showing the amount of overpayment, including interests [sic], paid by [Father] for child support since October 15, 2022." Further, the order required the BCSE to "within 30 days of the filing of audit pay [Father] the sum and amount reflected in the audit." BCSE at oral argument withdrew this assignment of error stating that it is moot due to the plain language of the order. The parties concede that no amount of child support was paid by Father or collected by BCSE after October 15, 2022, so the order as drafted did not require BCSE to pay any amount to Father.

The Supreme Court of Appeals of West Virginia has held that, "[g]enerally, moot questions are not proper for consideration by this Court." *State ex rel. Jeanette H. v. Pancake*, 207 W. Va. 154, 159, 529 S.E.2d 865, 870 (2000). "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property are not properly cognizable by a court." *Id.* (citation omitted). The record reflects that BCSE ceased collection of child support from Father following the September 15, 2022, hearing. Father made his last child support payment to BCSE on September 1, 2022. Thus, we agree with BCSE that the plain reading of the order results in no so-called "overpayment" of child support after October 15, 2022.

We read the family court's order to require BCSE to audit, and refund Father zero dollars. Accordingly, we dismiss this withdrawn assignment of error as moot.[4]

Next, BCSE argues that the family court erred when it ordered BCSE to pay Father's attorney's fees because it is statutorily barred from doing so. In support of its argument, BCSE relies on West Virginia Code § 48-18-108(d), which states, in part, that "[n]o court may order the Bureau for Child Support Enforcement to pay attorney's fees to any party in any action brought pursuant to this chapter." Father argues in response that the family court did not order BCSE to pay attorney fees, but instead ordered that the fees be paid from the State's insurance policy which would circumvent West Virginia § 48-18-108(d). We disagree. The Supreme Court of Appeals of West Virginia has acknowledged that attorney fees may, in certain instances, be awarded when a plaintiff prevails against the State (or a subsidiary of the State). *See Corp. of Harpers Ferry v. Taylor*, 227 W. Va. 501, 505, 711 S.E.2d 571, 575 (2011). However, Father has not prevailed in this litigation and, more importantly, West Virginia Code § 48-18-108(d) has explicitly barred BCSE from paying attorney fees. *See Nutter v. Nutter*, 218 W. Va. 699, 702, 629 S.E.2d 758, 761 (2006) (affirming the family court's holding that the petitioner was not entitled to attorney fees after it was determined that petitioner was entitled to a refund from BCSE). Thus, the family court erred in awarding Father attorney fees.

Accordingly, we reverse the family court's May 3, 2024, order as it pertains to attorney fees.

Reversed.

**ISSUED:** February 18, 2025

---

[4] We note that had the order required BCSE to pay Father a so-called "overpayment" in child support before October 15, 2022, we would have reversed such a holding and upheld the BCSE's child support collection efforts from 2014 to 2022. The 2014 agreed order set Father's child support to $200 and held that it would continue until the child reached the age of majority. The October 14, 2015, order dismissing the case did not render the parenting plan or child support obligation established in the proceeding void. Based on the record before us, there is no evidence that the November 10, 2014, temporary parenting plan was not converted to a permanent parenting plan after ninety days as indicated in that order. The parties continued to respect the order as it related to the parenting plan and child support collection properly continued.

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White